UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| JO LYNN WILSON | : | |
| | : | |
| VS. | : | NO. 3:15cv207(MPS) |
| | : | |
| YALE UNIVERSITY | : | MARCH 4, 2015 |

**<u>AMENDED COMPLAINT</u>**

     1.  This is an action pursuant to the Americans with Disabilities Act of 1990, 42 U.S.C. §§ 12111, *et seq.*, Section 504 of the Rehabilitation Act of 1973, 29 U.S.C. §§ 794, *et seq.* to redress the deprivation by the defendant of rights secured to the plaintiff by the laws of the United States.  The defendant discriminated against the plaintiff in employment on the grounds of her disability and refused to provide her a reasonable accommodation of said disability.

     2.  Jurisdiction of this court is invoked under the provisions of Sections 1331, 1343(3) and 1367(a) of Title 28 of the United States Code.

     3.  During all times mentioned in this action, the plaintiff was, and still is, an adult citizen of the United States residing in New Haven, Connecticut.  She suffers, and at all relevant times suffered, from a disability within the meaning of the aforesaid statutes, to wit, a severe heart defect for which the plaintiff had

undergone bypass surgery prior to her employment by the defendant and which defect which affects her ability to engage in major life activities including continuing to live.  At all times mentioned herein, the defendant was aware of the plaintiff's said disability, having been made aware of it at the time the plaintiff was hired.  Despite her disability, however, the plaintiff at all times was able to perform the essential functions of her job and in fact did so for a long time.

      4.  During all times mentioned in this action, the defendant was and is an educational institution chartered by the State of Connecticut and having its main campus in the City of New Haven.  It is and at all relevant times was an employer within the meaning of the aforesaid statutes and at all relevant times employed more than one hundred individuals.  At all relevant times, the defendant was the recipient of federal funds for the operation of many of its programs, including those in which the plaintiff was employed.

      5.  The plaintiff has complied with all of the procedural prerequisites to suit under the statutes aforementioned, having received a Notice of Right to Sue mailed to her from the Boston office of the United States Equal Employment Opportunity Commission on November 17, 2014.

      6.  The plaintiff was hired by the defendant as a Research Aide on or about December 11, 2010, as part of a project between the defendant and a coalition of municipal agencies called the New Haven Mental Health Outreach for

Mothers ("MOMS"). The program was funded with a $2.5 million five-year federal grant.

7. The plaintiff thereafter performed all of her duties more than satisfactorily and made a significant contribution to the success of the MOMS program.

8. On or about March 20, 2012, the plaintiff suffered a minor injury at work. Although she made no complaint to anyone about the injury, a supervisor, Heather Howell, on or about March 22, 2012, ordered her to submit a First Injury Report and be seen by an occupational health specialist at the St. Raphael Occupational Health Center.

9. On or about March 29, 2012, when the plaintiff was seen by the medical specialist to whom she had been ordered to report, the specialist discovered a significant heart irregularity and instructed her immediately to report to her cardiologist.

10. The plaintiff did report to her cardiologist, who on March 29, 2012, wrote a note to the defendant stating: "Seen today. Out of work for further Evaluation by Cardiology." The plaintiff's husband delivered that note to the defendant in a timely manner.

11. On April 9, 2012, a supervisor of the plaintiff sent her an email which stated: "I hope you are doing well. I am writing to request permission to access

your Yale email account in order to keep timely with our correspondence with the community partners and any other project-related business.  Please provide the password so that we can have access to the account."  The plaintiff promptly provided that password as requested.

12.  On April 11, 2012, the defendant terminated the plaintiff's employment because she was temporarily out of work because of her heart condition.

13.  At the time of her termination, the plaintiff was being paid at a rate of $17.98 per hour.

14.  In the manner described above, the defendant discriminated against the plaintiff because of her disability and refused provide the plaintiff with a reasonable accommodation of her said disability, all in violation of the statutes above stated.

15.  As a result, the plaintiff has suffered economic losses and emotional distress.

WHEREFORE, the plaintiff claims judgment against the defendant as follows:

A.  Compensatory damages in an amount this court shall consider to be just, reasonable and fair;

B.  Punitive damages in an amount this court shall consider to be just,

reasonable and fair;

    C.  Attorney fees and the costs of this action;

    D.  A temporary and permanent injunction requiring the defendant forthwith to rehire the plaintiff with full back pay and benefits;

    E.  Such other relief as this court shall consider to be fair and equitable.

    THE PLAINTIFF

BY: _____/s/\_\_\_\_\_(ct00215)_____
JOHN R. WILLIAMS (ct00215)
51 Elm Street
New Haven, CT 06510
203-562-9931
Fax:  203-776-9494
jrw@johnrwilliams.com
Her Attorney

CERTIFICATION OF SERVICE

On the date above stated, a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing.  Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing.  Parties may access this filing through the Court's CM/ECF System.

_____/s/_____
JOHN R. WILLIAMS