UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| JO LYNN WILSON | : | |
| | : | |
| Plaintiff | : | CIVIL ACTION NO.: |
| | : | 3:15-CV-00207-MPS |
| vs. | : | |
| | : | |
| YALE UNIVERSITY | : | |
| | : | APRIL 6, 2015 |
| Defendant | : | |

**<u>REPORT OF PARTIES' PLANNING CONFERENCE</u>**

Date Complaint Filed:            February 13, 2015
Date Complaint Served:           February 17, 2015
Date of Defendant's Appearance:  February 19, 2015

Pursuant to Fed. R. Civ. P. 16(b), 26(f) and D. Conn. L. Civ. R. 16, a conference was held on April 1, 2015.  The participants were:

John R. Williams, Esq.
John R. Williams & Associates, LLC
51 Elm Street, Suite 409
New Haven, CT 06510
Tel:  203-562-9931
Fax:  203-776-9494 fax
E-mail:  jrw@johnrwilliams.com
for plaintiff Jo Lynn Wilson

Colleen Noonan Davis, Esq.
Donahue, Durham & Noonan, P.C.
741 Boston Post Road, Suite 306
Guilford, CT  06437
Tel:  203-458-9168
Fax:  203-458-4424
E-mail:  cdavis@ddnctlaw.com
for defendant Yale University

**I.     Certification.**

Undersigned counsel certify that, after consultation with their clients, they have discussed the nature and basis of the parties' claims and defenses and any possibilities for achieving a prompt settlement or other resolution of the case and, in conjunction with their clients, have developed the following proposed case management plan. Counsel further certify that they have forwarded a copy of this report to their clients.

**II.    Jurisdiction.**

    A.    *Subject Matter Jurisdiction.*

This Court has subject matter jurisdiction over the plaintiff's claims pursuant to 28 U.S.C. §§ 1331 and 1343.

    B.    *Personal Jurisdiction.*

The parties stipulate that they are subject to the personal jurisdiction of this Court.

**III.   Brief Description of the Case.**

    A.    *Claims of Plaintiff:*

In her March 4, 2015 Amended Complaint, the plaintiff claims that the defendant Yale University discriminated against her based upon her alleged disability, a heart defect, when it terminated her employment on April 11, 2012.

    B.    *Defense and Claims of Defendant:*

Yale University denies that it discriminated against the plaintiff.

**IV.     Statement of Undisputed Facts:**

Counsel certify that they have made a good faith attempt to determine whether there are any material facts that are not in dispute. The parties state that the following material facts are undisputed:

1. The plaintiff was employed at Yale University as a Research Aide.

2. The plaintiff was terminated on April 11, 2012.

**V.      Case Management Plan:**

   A.     *Standing Order on Scheduling in Civil Cases.*

The parties do not request modification of the deadlines in the Standing Order on Scheduling in Civil Cases at this time, but reserve the right to do so if deemed necessary.

   B.     *Scheduling Conference with the Court.*

The parties do not request a pretrial conference with the Court before entry of a scheduling order pursuant to Fed. R. Civ. P. 16(b).

   C.     *Early Settlement Conference.*

   1. The parties certify that they have considered the desirability of attempting to settle the case before undertaking significant discovery or motion practice. Settlement is unlikely at this time.

   2. The parties do not request an early settlement conference.

   3. When a settlement conference is held, the parties prefer a settlement conference with a magistrate judge.

        4.       The parties do not request a referral for alternative dispute resolution pursuant to D. Conn. L. Civ. R. 16.

    D.    *Joinder of Parties and Amendment of Pleadings.*

        1.       The plaintiff should be allowed until April 30, 2015 to file motions to join additional parties and until May 15, 2013 to file motions to amend the pleadings.

        2.       Yale University should be allowed until June 1, 2015 to file motions to join additional parties.

    E.    *Discovery.*

        a.       The parties anticipate that discovery will be needed as to the plaintiff's allegations that Yale University discriminated against the plaintiff on the basis of her disability in violation of the Americans with Disabilities Act and the Rehabilitation Act and damages.

        b.       All discovery, including deposition of expert witnesses pursuant to Fed. R. Civ. P. 26(b)(4), will be commenced by April 30, 2015 and completed (not propounded) by February 1, 2016.

        c.       Discovery will not be conducted in phases.

        d.       Discovery will be completed no later than February 1, 2016.

        e.       The parties anticipate that the plaintiff will require a total of four depositions of fact witnesses and that Yale University will require a total of four depositions of fact witnesses. The depositions will commence by April 30, 2015 and will be completed by February 1, 2016.

f.   The parties do not anticipate requesting permission to serve more than 25 interrogatories, but reserve the right to do so if deemed necessary.

g.   Plaintiff may call expert witnesses at trial.  Plaintiff will designate all trial experts and provide opposing counsel with reports from retained experts pursuant to Fed. R. Civ. P. 26(a)(2) by September 30, 2015.  Depositions of any such experts will be completed by November 30, 2015.

h.   Yale University may call expert witnesses at trial.  Defendants will designate all trial experts and provide opposing counsel with reports from retained experts pursuant to Fed. R. Civ. P. 26(a)(2) by December 31, 2015.  Depositions of any such experts will be completed by February 1, 2016.

i.   A damages analysis will be provided by any party who has a claim or counterclaim of damages by June 1, 2015.

j.   Undersigned counsel have discussed the disclosure and preservation of electronically stored information, including, but not limited to, the form in which such data shall be produced, search terms to be applied in connection with the retrieval and production of such information, the location and format of electronically stored information, appropriate steps to preserve electronically stored information, and the allocation of costs of assembling and producing such information.  The parties agree to preserve electronically stored records, as they exist, retroactive to December 1, 2011.  The parties will reach further agreement on the form the disclosure of electronically stored records will take.  As more information becomes available, the parties will reach an agreement on the costs of the electronic discovery.

k. Undersigned counsel have discussed discovery procedures that minimize the risk of waiver of privilege or work-product protection, including procedures for asserting claims of privilege after production. The parties agree to the following procedures for asserting claims of privilege after production: if any information that is privileged or subject to work-product protection is disclosed, the party to whom it is disclosed will notify opposing counsel and opposing counsel will have 30 days to assert the privilege and seek return of the information. The party to whom the information is disclosed agrees not to review the information after recognizing that a privilege or work-product protection applies and further not to duplicate the information or further disclose it.

F.  *Dispositive Motions:*

Dispositive motions will be filed not later than April 29, 2016.

G.  *Joint Trial Memorandum.*

The joint trial memorandum required by the Standing Order on Trial Memoranda in Civil Cases will be submitted within 45 days of the ruling on dispositive motions, should such motions be filed, or within 45 days after the parties notify one another that dispositive motions will not be filed.

**VI.  Trial Readiness.**

The case will be ready for trial within 30 days of the filing of a joint trial memorandum.

As officers of the Court, undersigned counsel agree to cooperate with each other and the Court to promote the just, speedy and inexpensive determination of this action.

THE PLAINTIFF
JO LYNN WILSON

BY:\_\_\_\_\_/s/\_\_\_\_\_(ct00215)_____
John R. Williams (ct00215)
51 Elm Street
New Haven, CT  06510
203-562-9931
FAX:  203-776-9494
jrw@johnrwilliams.com
Her Attorney



THE DEFENDANT
YALE UNIVERSITY


BY:\_\_\_/s/ Colleen Noonan Davis (#ct27773)
Colleen Noonan Davis
Donahue, Durham & Noonan, P.C.
741 Boston Post Road
Guilford, CT 06437
(203) 458-9168

**CERTIFICATION**

      I hereby certify that, on the above-written date, a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the court's CM/ECF System.

                                                                            /s/
                                                     Colleen Noonan Davis