UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| JO LYNN WILSON | : | |
| | : | |
| Plaintiff | : | CIVIL ACTION NO.: |
| | : | 3:15-CV-00207-MPS |
| vs. | : | |
| | : | |
| YALE UNIVERSITY | : | |
| | : | |
| Defendant | : | MAY 4, 2015 |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS OR IN THE ALTERNATIVE FOR SUMMARY JUDGMENT**

Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, the defendant has moved to dismiss the plaintiff's claim for disability discrimination under the Americans with Disabilities Act ("ADA") on the ground that the plaintiff failed to exhaust her administrative remedies because she did not file a disability discrimination claim under the ADA with the Equal Employment Opportunities Commission and did not receive a right to sue letter indicating that she could file an ADA claim in federal court.  The defendant also moves to dismiss the plaintiff's claim for punitive damages because such damages are not available under Section 504 of the Rehabilitation Act.  In the alternative, the defendant moves for summary judgment pursuant to Rule 12(d) of the Federal Rules of Civil Procedure.

**I.     Factual Background**

In her March 4, 2015 Amended Complaint, the plaintiff alleges that the defendant discriminated against her based upon her disability, namely a heart defect, when it terminated her on April 11, 2012.  (Amended Complaint, at ¶¶ 12, 14.)  The defendant now moves to

dismiss, or in the alternative for summary judgment, the plaintiff's disability discrimination claim under the ADA.

## II. Legal Standard

"[D]ismissal is appropriate [pursuant to Fed. R. Civ. P. 12(b)(6)] if the plaintiff can prove no set of facts that would entitle him to relief." Cooper v. Parsky, 140 F.3d 433, 440 (2d. Cir. 1998.)  A motion to dismiss for failure to exhaust administrative remedies is properly characterized as a dismissal for failure to state a claim pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.  McInerney v. Rensselaer Polytechnic Inst., 505 F.3d 135, 138 (2d Cir. 2007).  See also, Demarco v. JP Morgan Chase, 2011 U.S. Dist. LEXIS 51607 *4 (E.D.N.Y. May 9, 2011) ("A plaintiff's failure to exhaust administrative remedies before bringing an ADA claim in federal court is a proper basis for dismissal under Rule 12(b)(6).")

## III. Argument

It is clear that "[b]efore pursuing [an ADA] claim in federal court, a plaintiff must timely file a charge with the Equal Employment Opportunity Commission ('EEOC') and obtain a 'right to sue' letter from the EEOC." Demarco v. JP Morgan Chase, 2011 U.S. Dist. LEXIS 51607 *4 (E.D.N.Y. May 9, 2011), citing 42 U.S.C. §§ 2000e-5(f)(1), 12117(a); Pilman v. New York City Housing Authority, 64 F.App'x 293, 296 (2d Cir. 2003).  In the present case, the plaintiff filed an Affidavit of Illegal Discriminatory Practice with the Connecticut Commission on Human Rights and Opportunities ("CHRO") on October 16,

2012.[1]  She claimed that her race, age, physical disability, color, and the fact that she previously opposed discriminatory conduct was a factor in the defendant's alleged discriminatory actions.  She alleged that the defendant violated Conn. Gen. Stat. §§ 46a-60(a)(1), 46a-60(a)4), 46a-60(a)(7), 46a-60(a)(8),46a-64, 46a-64a, and 46a-70.  Notably, the plaintiff did not allege that the defendant violated the ADA.  (Exhibit A, at pp. 1-2.)  At the plaintiff's request, the EEOC issued a right to sue letter on November 17, 2014.[2]  The letter clearly indicates that the plaintiff was only authorized to sue under the Age Discrimination in Employment Act ("ADEA").  The section concerning claims brought under the ADA is not completed.  Since the plaintiff did not assert an ADA claim in her Affidavit of Illegal Discriminatory Practice and did not receive a right to sue letter with regard to that claim, the plaintiff has failed to exhaust her administrative remedies.

Wright-Kahn v. People's Bank, 2001 U.S. Dist. LEXIS 14396 (July 25, 2001), is instructive.  In that case, the plaintiff alleged that she was discriminated against in violation of Title VII, the ADEA, the ADA, the Rehabilitation Act of 1973, and 42 U.S.C. § 1983.  The defendant moved to dismiss the Title VII and ADEA claims for failure to exhaust administrative remedies.  The plaintiff's CHRO complaint alleged that she was terminated on the basis of her physical and mental disabilities in violation of Conn. Gen. Stat. § 46a-60(a)(1) and the ADA.  The plaintiff received a Notice of Final Agency Action from the CHRO indicating that her claim of mental and physical disability discrimination had been denied and

---

[1] A copy of the plaintiff's Affidavit of Illegal Discriminatory Practice is attached to the Affidavit of Colleen Davis as Exhibit A.
[2] A copy of the Notice of Right to Sue letter is attached to the Affidavit of Colleen Davis as Exhibit B.

then received a right to sue letter from the EEOC adopting the findings of the CHRO.  Neither the CHRO nor the EEOC papers mentioned a Title VII or ADEA claim.  Id. at *1-4.  The court observed that "[b]efore bringing an employment discrimination claim under either Title VII or the ADEA, plaintiff must file a claim with the EEOC within a specified time period after the alleged violation and obtain a right-to-sue letter."  Id. at *4-5.  Since the plaintiff failed to comply with the requirement that she exhaust her administrative remedies prior to filing the Title VII and ADEA claims, the court dismissed those claims.  Id. at *5.

Similar to the plaintiff in Wright-Kahn, the present plaintiff failed to exhaust her administrative remedies because the right to sue letter from the EEOC does not authorize the plaintiff to pursue a claim under the ADA in federal court.  Therefore, her claim under the ADA should be dismissed.

The United States Supreme Court has held that punitive damages may not be awarded in suits brought under Section 504 of the Rehabilitation Act.  Barnes v. Gorman, 536 U.S. 181, 189 (2002).  See also, Denuzzo v. Yale New Haven Hosp., 465 F. Sup. 2d 148, 155 (D. Conn. 2006) ("[P]unitive damages may not be awarded on claims brought under Section 504 of the Rehabilitation Act.")  Therefore, if the plaintiff's claim of disability discrimination under the ADA is dismissed, the Court should also dismiss the plaintiff's claim for punitive damages.

**IV.   Conclusion**

Since the plaintiff did not receive a right to sue letter indicating that she could file a claim under the ADA in federal court, she has failed to exhaust her administrative remedies.  Therefore, the defendant's motion to dismiss the ADA claim should be granted.  The

4

defendant's motion to dismiss the claim for punitive damages should also be granted because such damages are unavailable under Section 504 of the Rehabilitation Act.

                                      THE DEFENDANT
                                      YALE UNIVERSITY

                              BY:   /s/ Colleen Noonan Davis (#ct27773)
                                      Colleen Noonan Davis
                                      Donahue, Durham & Noonan, P.C.
                                      741 Boston Post Road
                                      Guilford, CT 06437
                                      (203) 458-9168

**CERTIFICATION**

I hereby certify that, on the above-written date, a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the court's CM/ECF System.

_____/s/_____
Colleen Noonan Davis