UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| JO LYNN WILSON | : | |
| | : | |
| VS. | : | NO. 3:15cv207(MPS) |
| | : | |
| YALE UNIVERSITY | : | MAY 23, 2015 |

**BRIEF IN OPPOSITION TO MOTION TO DISMISS**

    The defendant has moved to dismiss the plaintiff's complaint on the most technical of grounds, namely, that when the plaintiff – proceeding *pro se* without the assistance of an attorney – filed her administrative complaint of employment discrimination with the Commission on Human Rights and Opportunities and with the Equal Employment Opportunity Commission, she expressly alleged that she had been the victim of disability discrimination but failed to check the boxes beside the words "Americans With Disabilities Act, 42 U.S.C. § 12101 et seq." and "Section 504 of the Rehabilitation Act of 1973".  The defendant further argues that the Right to Sue Letter issued by the EEOC refers to the Age Discrimination in Employment Act (a box also not checked by the plaintiff) but not to the two disability statutes.  The defendant offers no other grounds for its motion.

1

"If a claimant has failed to pursue a given claim in administrative proceedings, the federal court generally lacks jurisdiction to adjudicate that claim....Even as to a claim not expressly pursued before the administrative agency, however, the court has jurisdiction if that claim is 'reasonably related' to those that the plaintiff did assert before the agency....A claim is considered reasonably related if the conduct complained of would fall within the 'scope of the EEOC investigation which can reasonably be expected to grow out of the charge' that was made." Fitzgerald v. Henderson, 251 F.3d 345, 359-60 (2nd Cir. 2001) (citations omitted). *Cf.* Barbusin v. Eastern Connecticut State University, 576 F. Supp. 2d 285, 291 (D. Conn. 2008). *See also, e.g.,* Dembinski v. Pfizer, Inc., 628 F. Supp. 2d 267, 272-73 (D. Conn. 2009); O'Hazo v. Bristol-Burlington Health Dist., 599 F. Supp. 2d 242, 254 (D. Conn. 2009); Butts v. N.Y. Dep't of Hous. Pres. & Dev., 990 F.2d 1397, 1402-03 (2nd Cir. 1993); Payne v. PSC Industrial Outsourcing, LP, 2013 WL 6859920 (D. Conn. 2013); Sawka v. ADP, Inc., 2014 WL 3845238 (D. Conn. 2014).

In this case, there is no doubt that the plaintiff expressly alleged that she suffered disability discrimination. There also is no dispute that this complaint was referred to the EEOC which deferred investigation, as it generally does, to the CHRO. There is no dispute that the CHRO in fact investigated the plaintiff's disability discrimination claim. And there is no dispute that the EEOC thereafter

issued a "right to sue" letter.  To require,  as a matter of jurisdiction, that the *pro se* plaintiff check one box rather than another, or that the EEOC check one box rather than another, would be an extreme case of placing form over substance solely for the purpose of denying the plaintiff her day in court.[1]

The motion to dismiss should be denied.

                              Respectfully submitted:

                                       /s/      (ct00215)
                               JOHN R. WILLIAMS (ct00215)
                               51 Elm Street
                               New Haven, CT 06510
                               203-562-9931
                               Fax:  203-776-9494
                               jrw@johnrwilliams.com
                               Plaintiff's Attorney

---

[1] Failure to exhaust administrative remedies by filing a timely claim with the EEOC is not even a jurisdictional defect.  It is an affirmative defense which must be pled and proved in the usual manner.  Spector v. Board of Trustees, 463 F. Supp. 2d 234, 244-45 (D. Conn. 2006); Francis v. City of New York, 235 F.3d 763, 768 (2nd Cir. 2000); Zipes v. Trans World Airlines, Inc., 455 U.S. 385, 393 (1982).

CERTIFICATION OF SERVICE

On the date above stated, a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

                                          /s/
                                  JOHN R. WILLIAMS