UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| JO LYNN WILSON | : | |
| | : | |
| Plaintiff | : | CIVIL ACTION NO.: |
| | : | 3:15-CV-00207-MPS |
| vs. | : | |
| | : | |
| YALE UNIVERSITY | : | |
| | : | |
| Defendant | : | JUNE 1, 2015 |

**REPLY TO BRIEF IN OPPOSITION TO MOTION TO DISMISS**

In opposition to the defendant's motion to dismiss, or in the alternative, for summary judgment, the plaintiff argues that the defendant has moved to dismiss the plaintiff's complaint on "the most technical grounds." The defendant respectfully disagrees. The plaintiff cannot bring a disability discrimination claim under the Americans with Disabilities Act ("ADA") without first exhausting her administrative remedies. Since she has not done that, the ADA claim should be dismissed.

The plaintiff argues that "[t]o require, as a matter of jurisdiction, that the *pro se* plaintiff check one box rather than another, or that the EEOC check one box rather than another, would be an extreme case of placing form over substance solely for the purpose of denying the plaintiff her day in court." (Br. in Opp. to Mot. to Dismiss, at p. 3.) To the contrary, "plaintiffs asserting ADA claims must exhaust all available administrative remedies." Hoffman v. Williamsville Sch. Dist., 443 Fed. Appx. 647, 649 (2d Cir. 2011). Although the plaintiff only claimed age discrimination in violation of the Connecticut General Statutes, the

Equal Employment Opportunity Commission ("EEOC") authorized the plaintiff to pursue a claim of age discrimination under the Age Discrimination in Employment Act.  See, Exhibits A and B to the Affidavit of Colleen Davis.  Therefore, it can be assumed that if the EEOC intended to authorize the plaintiff to bring an ADA claim in federal court even though she only alleged age discrimination in violation of state law, it would have done so.

### CONCLUSION

Since the EEOC did not authorize the plaintiff to assert an age discrimination claim under the ADA in federal court, the defendant's motion to dismiss the plaintiff's ADA claim should be granted.[1]

```
                                    THE DEFENDANT
                                    YALE UNIVERSITY

                                BY:   /s/ Colleen Noonan Davis (#ct27773)
                                    Colleen Noonan Davis
                                    Donahue, Durham & Noonan, P.C.
                                    741 Boston Post Road
                                    Guilford, CT 06437
                                    (203) 458-9168
```

---

[1] The plaintiff did not oppose the defendant's argument that her claim for punitive damages must be dismissed if the ADA claim is dismissed.

## **CERTIFICATION**

      I hereby certify that, on the above-written date, a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the court's CM/ECF System.

                                                        /s/
                                        Colleen Noonan Davis