```
                UNITED STATES DISTRICT COURT
                  DISTRICT OF CONNECTICUT

JO LYNN WILSON,                    :
                                   :
     Plaintiff,                    :
                                   :
     v.                            :     CASE NO. 3:15CV207(DFM)
                                   :
YALE UNIVERSITY,                   :
                                   :
     Defendant.                    :
```

### RULING ON DEFENDANT'S MOTION TO DISMISS

Plaintiff, Jo Lynn Wilson, brings this action pursuant to the Americans with Disabilities Act of 1990, 42 U.S.C. § 12111, et seq. ("ADA") and Section 504 of the Rehabilitation Act of 1973, 28 U.S.C. § 794, et seq. alleging that defendant, Yale University, discriminated against her and refused to provide a reasonable accommodation for her disability, a heart defect. (Doc. #13.)  Pending before the court is defendant's motion to dismiss plaintiff's ADA claim. (Doc. #21.)  For the reasons that follow, the motion is DENIED.

Defendant argues that plaintiff failed to exhaust her administrative remedies because she did not file a disability discrimination claim under the ADA with the Connecticut Commission on Human Rights and Opportunities ("CHRO") and did not receive a right to sue letter from the Equal Employment Opportunity Commission ("EEOC") permitting her to file an ADA claim in federal court.

On October 16, 2012, plaintiff, then proceeding pro se, filed an Affidavit of Illegal Discriminatory Practice with the CHRO. (Doc. #21-2.) She alleged that defendant discriminated against her on the basis of her race, age, physical disability, color, and in retaliation for opposing discriminatory conduct. She indicated, by checking corresponding boxes on the CHRO form, that she believes defendant violated the following Connecticut General Statutes: §§ 46a-60(a)(1), 46a-60(a)(4), 46a-60(a)(7), 46a-60(a)(8), 46a-64, 46a-64a, and 46a-70. (Doc. #21-2.) Although she alleged discrimination on the basis of her disability, she did not check the corresponding boxes next to the ADA or Section 504 of the Rehabilitation Act. (Doc. #21-2.)

The EEOC issued a right to sue letter on November 17, 2014. (Doc. #21-2.) The section concerning claims brought under the ADA is not completed. It indicates only that plaintiff could sue under the Age Discrimination in Employment Act ("ADEA"). On this basis, defendant argues that because plaintiff did not receive a right to sue letter with regard to her ADA claim, she failed to exhaust her administrative remedies and thus, her ADA claim should be dismissed. The EEOC subsequently corrected this error and issued a revised right to sue letter, bearing the same date, permitting plaintiff to sue under the ADA. (Doc. #26-1.) In light of this correction, plaintiff properly exhausted her administrative remedies before bringing her ADA claim in this

2

court.  See, e.g., Travers v. Corning Glass Works, 76 F.R.D. 431, 433 (S.D.N.Y. 1977) (holding, in a Title VII case, that "procedural technicalities are not to bar . . . claims and . . . any ambiguities are to be resolved in favor of claimants"); see also Tsai v. Rockefeller Univ., 137 F. Supp. 2d 276, 281 (S.D.N.Y. 2001) ("[T]echnicalities are particularly inappropriate in a statutory scheme in which laymen, unassisted by trained lawyers, initiate the process.") (internal quotation marks omitted).

For these reasons, defendant's motion to dismiss (doc. #21) is DENIED.  SO ORDERED at Hartford, Connecticut this 6th day of October, 2015.

_____/s/_____
Donna F. Martinez
United States Magistrate Judge