UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| JO LYNN WILSON | : | |
| | : | |
| Plaintiff | : | CIVIL ACTION NO.: |
| | : | 3:15-CV-00207-DFM |
| vs. | : | |
| | : | |
| YALE UNIVERSITY | : | |
| | : | |
| Defendant | : | JUNE 2, 2016 |

**MEMORANDUM OF LAW IN SUPPORT OF**
**MOTION FOR SUMMARY JUDGMENT**

The defendant has moved for summary judgment on the ground that the plaintiff cannot establish a prima facie case of disability discrimination under the Americans with Disabilities Act or the Rehabilitation Act because she was not terminated due to her disability. The plaintiff also cannot demonstrate a prima facie case for failure to accommodate under the Acts because she never requested an accommodation. In addition, the defendant has offered a legitimate, nondiscriminatory reason for the plaintiff's termination and there is no evidence suggesting that the reason is pretextual.

**I.      Factual Background**

The plaintiff was employed by the defendant as a Research Aide from December 11, 2010 to April 12, 2015. Following her termination, the plaintiff filed a complaint with the Commission on Human Rights and Opportunities ("CHRO"), alleging that the defendant discriminated against her based on her race, color, age, and disability and retaliated against her

when it terminated her employment in violation of Connecticut state law.[1]  Following an investigation, which included a fact finding conference, the CHRO investigator concluded that no reasonable cause existed to believe that the defendant discriminated against the plaintiff when it terminated her employment.[2]

After receiving a release of jurisdiction from the CHRO, the plaintiff commenced this action asserting disability discrimination claims under the Americans with Disabilities Act ("ADA") and the Rehabilitation Act.  In her March 4, 2015 Amended Complaint, the plaintiff alleges that she suffered from a disability, namely a heart defect for which she had undergone bypass surgery prior to her employment with the defendant.  She also admitted in her complaint that she informed the defendant of her disability at the time she was hired. (Amended Complaint at ¶ 3.)

On March 20, 2012, the plaintiff allegedly suffered a minor injury at work.  She claims that two days later, her supervisor, Heather Howell, ordered her to submit a First Injury Report and be seen by an occupational health specialist at the St. Raphael Occupational Health Center. On March 29, 2012, the medical specialist at St. Raphael Occupation Health Center allegedly discovered a significant heart irregularity and ordered the plaintiff to report to a cardiologist. The plaintiff allegedly saw her cardiologist that day and provided a note to the defendant, stating: "Seen today.  Out of work for further Evaluation by Cardiology."  The plaintiff claims that she was terminated on April 11, 2012 because she was temporarily out of work because of

---

[1] A copy of the plaintiff's CHRO complaint is attached to the Affidavit of Patrick M. Noonan as Exhibit B.

[2] A copy of the Finding of No Reasonable Cause is attached to the Affidavit of Patrick M. Noonan as Exhibit C.

her heart condition. She alleges that the defendant discriminated against her based on her disability and refused to provide her with a reasonable accommodation. (Amended Complaint, at ¶¶ 3, 6-10, 12, 14.)

## II.     Legal Standard

Summary judgment is appropriate where the moving party demonstrates that there are no genuine issues as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56; Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986). "[T]he mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986). Whether a fact is material depends on the substantive law of the claim and "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." Id. at 248.

If the party moving for summary judgment demonstrates the absence of any genuine issue as to a material fact, the nonmoving party must, to defeat summary judgment, come forward with evidence that would be sufficient to support a jury verdict in its favor. Goenaga v. March of Dimes Birth Defects Found., 51 F.3d 14, 18 (2d Cir. 1995). The nonmoving party "may not rely simply on conclusory statements or on contentions that the affidavits supporting the motion are not credible." Id. A party opposing a properly brought motion for summary judgment bears the burden of going beyond the pleadings, and "designat[ing] specific facts

showing that there is a genuine issue for trial." (Internal quotations omitted.) Celotex Corp. v. Catrett, 477 U.S. 317, 324 (1986).

### III.  Argument

The ADA and Rehabilitation Act prohibit an employer from discriminating against an individual with a disability because of that disability. 42 U.S.C. § 12112; 29 U.S.C. § 794. Claims alleging disability discrimination in violation of the ADA and the Rehabilitation Act are subject to the burden-shifting analysis originally established by the Supreme Court in McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802 (1973). McBride v. BIC Consumer Products Mfg. Co., Inc., 583 F.3d 92, 96 (2d Cir. 2009); Hodges v. Holder, 518 F. App'x 45, 47 (2d Cir. 2013.) "A plaintiff must establish a prima facie case; the employer must offer through the introduction of admissible evidence a legitimate non-discriminatory reason for the discharge; and the plaintiff must then produce evidence and carry the burden of persuasion that the proffered reason is a pretext." Id.

### A.  The Plaintiff Cannot Establish a Prima Facie Case of Disability Discrimination.

In order to establish a prima facie case of disability discrimination under the ADA, the plaintiff must prove that: "(1) the defendant is covered by the ADA; (2) plaintiff suffers from or is regarded as suffering from a disability within the meaning of the ADA; (3) plaintiff was qualified to perform the essential functions of the job, with or without reasonable accommodation; and (4) plaintiff suffered an adverse employment action because of [her] disability or perceived disability." Capobianco v. City of New York, 422 F.3d 47, 56 (2d Cir. 2005). Similarly, "[t]o establish a prima facie case of discriminatory termination in violation

of the Rehabilitation Act of 1973, a plaintiff must show (1) that the plaintiff is handicapped within the meaning of the Act; (2) that the plaintiff is otherwise qualified to perform the job; (3) that the plaintiff was discharged because of his or her handicap; and (4) that the employer is a recipient of federal financial assistance." Kinsella v. Rumsfeld, 320 F.3d 309, 314 (2d Cir. 2003). Since the present plaintiff cannot demonstrate that she was terminated because of her alleged disability, she fails to state a prima facie case of disability discrimination.

The plaintiff claims that her supervisors, Megan Smith, DrPH, MPH and Heather Howell, discriminated against her because of her heart condition. However, the plaintiff has no evidence other than her subjective belief to support her claim. At her deposition, the plaintiff testified that neither Dr. Smith nor Ms. Howell said or did anything to suggest that they were discriminating against her. Instead, she believed that the fact that they knew about her heart condition and then terminated her suggested disability discrimination. (Depo. Jo Lynn Wilson March 2016, at pp. 55-58.)[3] Both Dr. Smith and Ms. Howell have averred that the plaintiff was not terminated because of her heart condition. See Affidavits of Dr. Smith and Ms. Howell. The plaintiff has no evidence refuting their statements. To the contrary, the plaintiff acknowledged in her complaint that the defendant was fully aware of the plaintiff's disability at the time she was hired. Consequently, there is a presumption against a finding of discrimination.

---

[3] Copies of relevant portions of the plaintiff's deposition are attached as Exhibit E to the Affidavit of Patrick M. Noonan.

"[E]ven if sincerely held, a plaintiff's feelings and perceptions of being discriminated against do not provide a basis on which a reasonable jury can ground a verdict." (Internal quotations omitted.) Chen v. City Univ. of N.Y., 805 F.3d 59, 75 (2d Cir. 2015). "Subjective belief, without supporting evidence, is not sufficient, however, to withstand a motion for summary judgment." Christensen v. Bristol-Myers Squibb Co., 1994 U.S. Dist. LEXIS 12149, *20 (S.D.N.Y. Aug. 30, 1994), *aff'd*, 57 F.3d 1063 (2d Cir. 1995). See also, Bright v. Coca Cola Refreshments USA, Inc., 2014 U.S. Dist. LEXIS 155565 *57 (E.D.N.Y. Nov. 3, 2014) ("[A] plaintiff's subjective belief that he has been discriminated against is insufficient to create an inference of discrimination."); Oliver v. Waterbury Bd. of Educ., 2014 U.S. Dist. LEXIS 38555 *41-42 (D. Conn. Mar. 24, 2014) (same); Sethi v. Narod, 12 F. Sup. 3d 505, 536 (E.D.N.Y. 2014) (Internal quotations omitted) ("However, a plaintiff's mere subjective belief that he was discriminated against…does not sustain a…discrimination claim."); Blanchard v. Stone Safety Corp., 1991 U.S. Dist. LEXIS 1992, at *5 (D. Conn. Jan. 11, 1991) ("An employee's subjective belief that she was the victim of age discrimination is insufficient to establish a *prima facie* case of discrimination.") Since the plaintiff cannot offer any evidence suggesting that either Dr. Smith or Ms. Howell discriminated against her based on her disability, the plaintiff cannot establish the fourth element of a prima facie case of discrimination.

Montimerano v. Wegmans Food Mkts., Inc., 2014 U.S. Dist. LEXIS 37690 (W.D.N.Y. March 21, 2014), is instructive. In that case, the plaintiff alleged that the defendant discriminated against her based on her age and disability when it terminated her employment.

Id. at *1-4.  Addressing the defendant's motion for summary judgment as to the disability discrimination claim, the court concluded that the plaintiff could not establish a prima facie case of disability discrimination in part because she had not submitted evidence suggesting an inference of disability discrimination.  Id. at *14-15.  The plaintiff alleged in her complaint that, when she returned from her shoulder surgery in 2008, she requested a three day vacation and her supervisor remarked, "I wish you wouldn't do so because I'm trying to get you back on Bob's (the store manager) good side."  The plaintiff claimed that this comment implied that the defendant viewed her unfavorably because she had taken time off for surgery.  The court observed that that allegation was based on nothing more than speculation.  The plaintiff admitted in her deposition that she could not think of any other caustic or negative remarks alluding to her taking time off for surgery and that no one said anything to her that suggested that they were treating her differently because of her surgery.  Therefore, the court granted the defendant's motion for summary judgment.  Id.

Similar to the plaintiff in Montimerano, the present plaintiff has not presented any evidence suggesting that the defendant discriminated against her on the basis of her disability.  She admitted at her deposition that that neither Dr. Smith nor Ms. Howell said or did anything to suggest that they were discriminating against her.  (Depo. Jo Lynn Wilson March 2016, at pp. 55-58.)  The plaintiff relies solely upon her own subjective belief that the defendant discriminated against her.  This is insufficient to establish a prima facie case of disability discrimination.  Chen v. City Univ. of N.Y., 805 F.3d 59, 75 (2d Cir. 2015).

### B. The Plaintiff Cannot Establish a Prima Facie Case of a Claim for Failure to Accommodate.

A plaintiff can establish a prima facie case of failure to accommodate under the ADA and the Rehabilitation Act "by showing (1) that he is an individual who has a disability within the meaning of the statute, (2) that an employer covered by the statute had notice of his disability, (3) that with reasonable accommodation, he could perform the essential functions of the position sought, and (4) that the employer has refused to make such accommodations." Stone v. City of Mount Vernon, 118 F.3d 92, 96-97 (2d Cir. 1997). The plaintiff cannot establish that the defendant refused to make accommodations for the plaintiff due to her alleged disability because she never requested any accommodation.

In Jeffries v. Verizon, 2012 U.S. Dist. LEXIS 135543 *1 (E.D.N.Y. August 31, 2012), *adopte*d, 2012 U.S. Dist. LEXIS 135537 (E.D.N.Y. September 21, 2012), the plaintiff alleged that the defendant failed to provide an accommodation for his hearing disability. In October, 2008, the plaintiff informed a human resources representative that he had a hearing disability as a result of his military service and that the Department of Veterans Affairs was assisting him with securing a hearing aid. He did not make a request for an accommodation at that time. Id. at *4-6. Addressing the plaintiff's claim for failure to accommodate his disability, the court noted, "'[g]enerally, it is the responsibility of the individual with a disability to inform the employer than an accommodation is needed.'" Id. at *40, quoting Graves v. Finch Pruyn & Co., 457 F.3d 181, 184 (2d Cir. 2006). The e-mail exchange between the plaintiff and the human resources representative demonstrated that the plaintiff had not requested an accommodation. In addition, the plaintiff testified at his deposition that he did not have a

8

specific accommodation request at that time. Therefore, the court recommended that the plaintiff's failure to accommodate claim be dismissed.[4] Id. at *40-42. See also, McCoy v. Morningside at Home & Aging in Am., 2014 U.S. Dist. LEXIS 25368 (S.D.N.Y. Feb. 25, 2014), *aff'd*, 601 Fed.Appx. 57 (2015) (granting defendants' motion for summary judgment on ADA failure to accommodate claim because plaintiff never requested an accommodation.)

Similar to the plaintiffs in Jeffries and McCoy, the present plaintiff never requested an accommodation for her heart condition. (Affidavits of Megan Smith, DrPH, MPH and Heather Howell, at ¶¶ 5, 7, 9.) Since the plaintiff did not request an accommodation, she cannot establish a prima facie case for failure to accommodate.

### C. The Defendant Has Proffered a Legitimate, Non-Discriminatory Reason for Terminating the Plaintiff's Employment.

Even assuming arguendo that the plaintiff could establish prima facie cases of disability discrimination and failure to accommodate, the defendant has proffered a legitimate, non-discriminatory reason for terminating the plaintiff's employment, i.e., her absence from work for five consecutive days without contacting her supervisors.

The plaintiff's position was subject to the Collective Bargaining Agreement between Yale University and Local 34, FUE. Article V, Section 1(d), of that Agreement provides that a staff member who is absent for five or more consecutive working days without notifying his or her supervisor is deemed to have voluntarily resigned. (See Exhibit D to Affidavit of Patrick M. Noonan; Affidavits of Megan Smith, DrPH, MPH and Heather Howell, at ¶ 8.) The

---

[4] The magistrate judge's recommended ruling was later adopted. Verizon v. Jeffries, 2012 U.S. Dist. LEXIS 135537 (E.D.N.Y. September 21, 2012)

plaintiff informed her supervisor that she was unable to work on March 23, 2012, March 26, 2012, March 27, 2012, March 28, 2012, and March 29, 2012.  (Affidavits of Megan Smith, DrPH, MPH and Heather Howell, at ¶ 5.)  On March 29, 2012, the defendant received a note written on a prescription pad from a physician at Family & Internal Medicine of Dixwell Avenue which indicated that the plaintiff was evaluated that day and required evaluation by a cardiologist.  On March 30, 2012, the defendant received a medical evaluation form from Hospital of St. Raphael Occupational Health Plus indicating that Ms. Wilson could return to work on April 2, 2012. (Affidavits of Megan Smith, DrPH, MPH and Heather Howell, at ¶ 6.)  The plaintiff was absent from work without contacting her supervisors from April 2, 2012 through April 9, 2012.[5]  (Affidavits of Megan Smith, DrPH, MPH and Heather Howell, at ¶ 7.)  The plaintiff was terminated on April 12, 2012 pursuant to Article V, Section 1(d) of the Agreement between Yale University and Local 34 because she had been absent from work for five consecutive working days without notifying either of her supervisors, and was therefore deemed to have voluntarily resigned her employment.  (Affidavits of Megan Smith, DrPH, MPH and Heather Howell, at ¶ 8.)

      Since the plaintiff was terminated for a legitimate, non-discriminatory reason, i.e. her absence from work for five consecutive days without contacting her supervisors, the plaintiff must demonstrate that the defendant's reason was pretextual, and that the real reason for her termination was discrimination.

---

[5] April 6, 2012 was a University holiday.

D.   **The Plaintiff Has Not Produced Evidence Showing that the Proffered Reason Was Pretextual, and that the Real Reason for Her Termination Was Discrimination.**

In order to prevail on her disability discrimination claim, the plaintiff must prove that the defendant's reason for her termination was pretextual and that the real reason was discrimination based on her disability.  The plaintiff has not offered any evidence suggesting that the defendant discriminated against her based on her disability.  The plaintiff's subjective belief that she was discriminated against is not sufficient to defeat the defendant's motion for summary judgment.  See, Chen v. City Univ. of N.Y., 805 F.3d 59, 75 (2d Cir. 2015); Christensen v. Bristol-Myers Squibb Co., 1994 U.S. Dist. LEXIS 12149, *20 (S.D.N.Y. Aug. 30, 1994), *aff'd*, 57 F.3d 1063 (2d Cir. 1995); Bright v. Coca Cola Refreshments USA, Inc., 2014 U.S. Dist. LEXIS 155565 *57 (E.D.N.Y. Nov. 3, 2014); Oliver v. Waterbury Bd. of Educ., 2014 U.S. Dist. LEXIS 38555 *41-42 (D. Conn. Mar. 24, 2014); Sethi v. Narod, 12 F. Sup. 3d 505, 536 (E.D.N.Y. 2014); Blanchard v. Stone Safety Corp., 1991 U.S. Dist. LEXIS 1992, at *5 (D. Conn. Jan. 11, 1991).

Even if the plaintiff could create an issue of fact as to whether the defendant misapplied its policy, that would be insufficient to prove that the defendant's proffered reason is pretextual.  Improper application of a policy does not suggest, without more, that the real reason for the plaintiff's termination was discrimination based on her disability.  In Loi v. New York City Dep't of Health and Mental Hygiene, 914 F. Supp. 2d 567, 581-583 (S.D.N.Y. 2012), the plaintiff alleged that the defendant discriminated against her based on her gender in violation of Title VII and New York state law when it suspended and then terminated her for

violating the defendant's Standards of Conduct Rules, including the confidentiality agreement. Addressing the defendant's motion for summary judgment, the district court determined that the plaintiff could not establish a prima facie case of gender discrimination under Title VII. The court went on to consider whether the defendant had asserted a legitimate non-discriminatory reason for terminating the plaintiff. Id. at 584-588. The defendant argued that the plaintiff was terminated because she breached her confidentiality agreement with DOHMH when she sent emails containing patient specific identifiers from her work email to a co-worker's personal Yahoo account. In response, the plaintiff argued that the data contained in the emails simply did not contain patient-specific identifiers, and thus did not fall within the meaning of "confidential data" defined by the Acceptable Use Policy. Essentially, the plaintiff argued that the defendant misapplied its policy when it terminated her. Id. at 587. The district court responded that the "courts ha[d] consistently held that they may not second-guess an employer's non-discriminatory business decisions, regardless of their wisdom, unless there is actual evidence that they were motivated by discrimination." (Internal quotations omitted.) Id. The district court found that the plaintiff's violation of the confidentiality policy was a neutral, legitimate justification for her termination and that the plaintiff failed to present any evidence that the defendant's decision to terminate her was motivated by discrimination. Therefore, the district court granted the defendant's motion for summary judgment. Id. at 587-588. See also, Jones v. Gov't Emples. Ins. Co., 2006 U.S. Dist. LEXIS 29277 *21-22 (E.D.N.Y. May 8, 2006) (improper application of the defendant's policy, without more, does not suggest that the real reason for the termination was discrimination).

The present plaintiff has not offered any evidence which could lead to a reasonable inference of discrimination. Instead, she relies upon her subjective belief that she was discriminated against, which is insufficient to overcome the defendant's legitimate reason for her termination. Therefore, she cannot establish that the defendant's reason for her termination was pretextual and that the real reason was discrimination based on her disability.

### IV.   Conclusion

The plaintiff cannot establish a prima facie case of disability discrimination because she cannot demonstrate that she was terminated because of her disability. She also cannot establish a prima facie case of failure to accommodate because she never requested an accommodation. Furthermore, the defendant has proffered a legitimate, non-discriminatory reason for the plaintiff's termination and the plaintiff has not presented any evidence demonstrating that that reason was pretextual and that the real reason was disability discrimination. Therefore, the defendant's motion for summary judgment on the plaintiff's discrimination claims under the Americans with Disabilities Act and the Rehabilitation Act should be granted.

THE DEFENDANT
YALE UNIVERSITY

BY:   /s/ Patrick M. Noonan (#ct00189)
        Patrick M. Noonan
        Colleen Noonan Davis (#ct27773)
        Donahue, Durham & Noonan, P.C.
        741 Boston Post Road
        Guilford, CT 06437
        (203) 458-9168

**CERTIFICATION**

      I hereby certify that, on the above-written date, a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the court's CM/ECF System.

                                                                       _____/s/_____
                                                                            Patrick M. Noonan