UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| JO LYNN WILSON | : | |
| | : | |
| VS. | : | NO. 3:15cv207(DFM) |
| | : | |
| YALE UNIVERSITY | : | JUNE 22, 2016 |

**BRIEF IN OPPOSITION TO MOTION FOR SUMMARY JUDGMENT**

  It is disheartening when the current fad of deploying summary judgment motions in every case leads a lawyer, under apparent pressure from a good client, to move for summary judgment in a case where counsel surely knows there are disputed issues of material fact that require a trial.  In this case, counsel moving for summary judgment has consciously omitted from her submission two exhibits which are mentioned in her client's affidavits, and portions of the plaintiff's testimony at a deposition taken by defense counsel's office, which taken together provide a sufficient evidence-based challenge to the defendant's claims of fact that the summary judgment motion must be denied.

  This is an action for disability discrimination in violation of the Americans with Disabilities Act of 1990, 42 U.S.C. §§ 12111, *et seq.*, Section 504 of the Rehabilitation Act of 1973, 29 U.S.C. §§ 794, *et seq.*  The plaintiff contends, and

1

the evidence[1] shows, that the plaintiff is disabled, having undergone open-heart surgery and having thereafter been continuously in treatment by a cardiologist. This fact was known to the defendant when it hired the plaintiff. In March 2015, the plaintiff suffered a minor fall at work and was sent by her supervisor to Occupational Health, where the plaintiff was treated and told to stay out of work for a few days. While at Occupational Health, however, the medical personnel there discovered that the plaintiff was suffering from dangerously high blood pressure. She was instructed to see her primary care physician to obtain a referral to her cardiologist for evaluation. All of this was done on the same day, March 29, 2015. The plaintiff and her husband both personally delivered a note from Occupational Health stating that the treatment of the fall-related injury had concluded and a note from the plaintiff's primary care physician attesting that he had referred the plaintiff to her cardiologist (whose card was attached to the note) for evaluation.[2] The plaintiff thereafter was in daily telephone contact with her supervisor, informing her of the progress of her treatment with the

---

[1]  The facts are set forth in the plaintiff's Local Rule 56 Statement and the attached supporting evidence, submitted herewith and incorporated herein by reference.

[2]  In its submissions supporting its summary judgment motion, the defendant refers to the Occupational Health "back-to-work" note but fails to include it among its exhibits and fails to mention that it expressly refers only to the plaintiff's minor back injury and does not mention the plaintiff's cardiac problem. See Exhibit 1.

cardiologist, informing her that she did not know yet when she could return, and promising to continue keeping her advised in that regard.  In the midst of these calls, the plaintiff received her termination letter.

The defendant admits it knew the plaintiff was disabled.  It claims, however, that the plaintiff did not request an accommodation of her disability, i.e., that the plaintiff did not notify it that she was seeking her cardiologist and that she could not return to work until he gave her cardiac clearance.  It claims further, therefore, that it terminated the plaintiff's employment for a legitimate nondiscriminatory reason, to wit: failure to report for work without any explanation.  Thus, the summary judgment motion has two grounds: (1) plaintiff's alleged failure to request an accommodation; (2) legitimate nondiscriminatory reason for the adverse employment action.  Both of these assert facts which the plaintiff refutes in her sworn deposition testimony and in the documentary evidence from the two health care providers.

"A motion for summary judgment may properly be granted...only where there is no genuine issue of material fact to be tried, and the facts as to which there is no such issue warrant the entry of judgment for the moving party as a matter of law....The function of the district court in considering the motion for summary judgment is not to resolve disputed questions of fact but only to determine whether, as to any material issue, a genuine factual dispute exists....In

determining whether the moving party is entitled to judgment as a matter of law...or whether instead there is sufficient evidence in the opposing party's favor to create a genuine issue of material fact to be tried, the district court may not properly consider the record in piecemeal fashion, trusting innocent explanations for individual strands of evidence; rather, it must 'review all of the evidence in the record,' *Reeves v. Sanderson Plumbing Products, Inc.*, 530 U.S. 133, 150 (2000)....And in reviewing all of the evidence to determine whether judgment as a matter of law is appropriate, 'the court must draw all reasonable inferences in favor of the nonmoving party,' *Reeves*, 530 U.S. at 150..., even though contrary inferences might reasonably be drawn....Summary judgment is inappropriate when the admissible materials in the record make it arguable that the claim has merit..., for the court in considering such a motion must disregard all evidence favorable to the moving party that the jury is not required to believe....In reviewing the evidence and the inferences that may reasonably be drawn, the court may not make credibility determinations or weigh the evidence....Credibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of a judge....Where an issue of material fact cannot be resolved without observation of the demeanor of witnesses in order to evaluate their credibility, summary judgment is not appropriate....In sum, summary judgment is proper only when, with all

permissible inferences and credibility questions resolved in favor of the party against whom judgment is sought, there can be but one reasonable conclusion as to the verdict...." Kaytor v. Electric Boat Corporation, 609 F.3d 537, 545-6 (2nd Cir. 2010) (quotation marks and citations omitted).

"[T]he Second Circuit has cautioned that, in cases where motive, intent or state of mind are at issue, summary judgment should be used sparingly." Ruscoe v. Housing Authority of City of New Britain, 259 F. Supp. 2d 160, 166 (D. Conn. 2003), *citing* Dister v. Continental Group, Inc., 859 F.2 1108, 1114 (2nd Cir. 1988).  *See* Medeiros v. Pratt & Whitney Power Systems, Inc., 272 F. Appx. 78 (2nd Cir. 2008).

A plaintiff alleging a violation of the ADA must prove that "(1) he was an 'individual who has a disability' within the meaning of the statute; (2) the employer had notice of his disability; (3) he could perform the essential functions of the job with reasonable accommodation; and (4) the employer refused to make such accommodation." Parker v. Columbia Pictures Indus., 204 F.3d 326, 332 (2nd Cir. 2000).  As noted above, the plaintiff's evidence establishes that she did notify the defendant, repeatedly, that she was being treated by her cardiologist and could not return to work until she obtained clearance from him. The defendant admittedly already knew that the plaintiff suffered from a serious and longstanding cardiac condition.  Thus, the evidence is sufficient to permit a

jury to find that the plaintiff did request the reasonable accommodation of being allowed to stay off work until her cardiac situation resolved.

But the defendant claims the plaintiff did not provide notice that she was seeing the cardiologist and could not return to work until he gave her clearance; and that the plaintiff's silence in that regard permitted it to invoke its standard work rule and discharge her for abandoning her job. This defense, however, is defeated – if the jury credits the plaintiff's evidence – by the plaintiff's testimony and by comparing the two medical notes issued and delivered together on the same day. "Proof that the defendant's explanation is unworthy of credence is...one form of circumstantial evidence that is probative of intentional discrimination, and it may be quite persuasive....In appropriate circumstances, the trier of fact can reasonably infer from the falsity of the explanation that the employer is dissembling to cover up a discriminatory purpose. Such an inference is consistent with the general principle of evidence law that the factfinder is entitled to consider a party's dishonesty about a material fact as 'affirmative evidence of guilt.'" Reeves v. Sanderson Plumbing Products, Inc., 530 U.S. 133, 120 S. Ct. 2097, 108 (2000), *quoting* Wright v. West, 505 U.S. 277, 296 (1992). "The factfinder's disbelief of the reasons put forward by the defendant (particularly if disbelief is accompanied by a suspicion of mendacity) may, together with the elements of the prima facie case, suffice to show

intentional discrimination.  Thus, rejection of the defendant's proferred reasons will permit...the trier of fact to infer the ultimate fact of intentional discrimination...[and] no additional proof of discrimination is required."  <u>St. Mary's Honor Center v. Hicks</u>, 509 U.S. 502, 511 (1993).

The motion for summary judgment must be denied.

Respectfully submitted:

           /s/      (ct00215)         
JOHN R. WILLIAMS (ct00215)
51 Elm Street
New Haven, CT 06510
203-562-9931
Fax:  203-776-9494
jrw@johnrwilliams.com
Plaintiff's Attorney

<u>CERTIFICATION OF SERVICE</u>

On the date above stated, a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing.  Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing.  Parties may access this filing through the Court's CM/ECF System.

           /s/                        
JOHN R. WILLIAMS