UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| JO LYNN WILSON | : | |
| | : | |
| VS. | : | NO. 3:15cv207(DFM) |
| | : | |
| YALE UNIVERSITY | : | JUNE 23, 2016 |

**PLAINTIFF'S LOCAL RULE 56 STATEMENT**

*A*   *RESPONSES TO DEFENDANT'S CLAIMS OF FACT*

1. Admit

2. Admit

3. Admit

4. Admit

5. Admit

6. Deny.  (Exhibit 1; Exhibit 2; Exhibit 3, pp. 18-20, 56-57, 76-78)

7. Deny.  (Ibid.)

8. Deny.  (Exhibit 1)

9. Deny.  (Exhibit 1; Exhibit 2; Exhibit 3, pp. 18-20, 56-57, 76-78)

10.  Admit

11.  Admit, but irrelevant.

1

**B      PLAINTIFF'S STATEMENT OF MATERIAL FACTS**

1. The plaintiff had open-heart surgery in 2008. Her recuperation period was 5½ months. (Exhibit 3, p. 9)

2. The plaintiff has been under the care of Dr. Marion Volpe, a cardiologist, ever since that time. (Id., p. 16)

3. The treatment of the plaintiff's heart condition has been continual. (Id., p. 18)

4. The defendant was fully aware of the plaintiff's heart-related disability at the time she was hired. (Id., pp. 80-82)

5. The medical note informing the defendant that the plaintiff was being referred to her cardiologist "for further evaluation" was dated March 29, 2012. (Exhibit 1)

6. The report from Occupational Health Care also was dated March 29, 2012. (Exhibit 2)

7. The report from Occupational Health Care, stating that the plaintiff would be "out of work until 4/2/2012" expressly stated that this excuse from work was related only to multiple thoracic/lumbar contusions for a fall the plaintiff had suffered at work. (Ibid.)

8. Plaintiff herself delivered both notes to the defendant, leaving them with her supervisors. (Exhibit 3, pp. 18-20, 76-77)

9. The plaintiff's husband also delivered both notes to the defendant, leaving them with the plaintiff's supervisor, on March 29, 2012.  (Id., pp. 20-21)

10. Occupational Health Care had sent the plaintiff to see her primary care physician so he could refer her to her cardiologist, because Occupational Health Care had discovered that the plaintiff's blood pressure was dangerously high.  (Id., pp. 21-22)

11. The note from the plaintiff's primary care physician, referring her to her cardiologist, was copied on a page also containing the cardiologist's business card and was delivered to the defendant exactly as it appears in Exhibit 1.  (Id., p. 25)

12. The plaintiff's supervisors knew that she was seeing her cardiologist and having a stress test at the time thhe fired her.  (Id., pp. 56-57, 77)

13. The plaintiff was in telephone communication with her supervisor about her ongoing treatment by her cardiologist right up to the time she was terminated.  (Id., pp. 77-78)

14. The plaintiff telephonically explained to her supervisor that she was seeing her cardiologist and that she did not know when he would permit her to return to work.  (Id., p. 78)

        THE PLAINTIFF

BY:    /s/   (ct00215)
       JOHN R. WILLIAMS (ct00215)
       51 Elm Street
       New Haven, CT 06510
       203-562-9931
       Fax: 203-776-9494
       jrw@johnrwilliams.com
       Her Attorney

CERTIFICATION OF SERVICE

On the date above stated, a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

       /s/
       JOHN R. WILLIAMS