UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| JO LYNN WILSON | : | |
| | : | |
| Plaintiff | : | CIVIL ACTION NO.: |
| | : | 3:15-CV-00207-DFM |
| vs. | : | |
| | : | |
| YALE UNIVERSITY | : | |
| | : | |
| Defendant | : | JUNE 30, 2016 |

**REPLY BRIEF IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT**

The defendant hereby replies to the plaintiff's brief in opposition to motion for summary judgment. The plaintiff argues that the March 29, 2012 note from a physician at Family & Internal Medicine of Dixwell Avenue and the March 29, 2012 medical evaluation form from Hospital of St. Raphael Occupational Health Plus,[1] along with the plaintiff's deposition testimony, create an issue of fact precluding summary judgment in favor of the defendant. (Br. In Opp. to Mot. for Summ. J., at p. 1.) The defendant respectfully disagrees.

**I.    The Plaintiff Cannot Establish a Prima Facie Case of Disability Discrimination.**

The plaintiff does not address the defendant's argument that she cannot establish a prima facie case of disability discrimination under the Americans with Disabilities Act or the

---

[1] The defendant did not submit copies of these documents because they are the plaintiff's medical records and it was felt that they should not be made part of the public record. Additionally, the defendant does not dispute receiving those documents or the contents thereof, and therefore felt that it was unnecessary to submit them to the Court. The plaintiff does not claim that any of the defendant's representations about those documents is false. Regardless of the medical condition addressed in the medical evaluation form from Hospital of St. Raphael Occupational Health Plus, it is undisputed that the defendant received information stating that the plaintiff could return to work on April 2, 2012, which confirms that the defendant's policy permitted the termination of the plaintiff's employment.

Rehabilitation Act because she cannot prove that she was terminated because of her disability. (Memo. of Law in Supp. of Def.'s Mot. for Summ. J., at pp. 4-7.)  The plaintiff's deposition testimony establishes that the plaintiff has no evidence suggesting that the defendant terminated her because of her disability.  Instead, she relies solely on her subjective belief that the reason for her termination was disability discrimination.  This is insufficient to establish a prima facie case of disability discrimination.  See, Chen v. City Univ. of N.Y., 805 F.3d 59, 75 (2d Cir. 2015); Christensen v. Bristol-Myers Squibb Co., 1994 U.S. Dist. LEXIS 12149, *20 (S.D.N.Y. Aug. 30, 1994), *aff'd*, 57 F.3d 1063 (2d Cir. 1995); Bright v. Coca Cola Refreshments USA, Inc., 2014 U.S. Dist. LEXIS 155565 *57 (E.D.N.Y. Nov. 3, 2014); Oliver v. Waterbury Bd. of Educ., 2014 U.S. Dist. LEXIS 38555 *41-42 (D. Conn. Mar. 24, 2014); Sethi v. Narod, 12 F. Sup. 3d 505, 536 (E.D.N.Y. 2014); Blanchard v. Stone Safety Corp., 1991 U.S. Dist. LEXIS 1992, at *5 (D. Conn. Jan. 11, 1991).

Opposing the defendant's motion for summary judgment, the plaintiff has not offered any evidence, other than her subjective belief, that the defendant terminated her because of her disability.  She admitted at her deposition that that neither Megan Smith, DrPH, MPH nor Heather Howell said or did anything to suggest that they were discriminating against her. (Depo. Jo Lynn Wilson March 2016, at pp. 55-58.)  Both Dr. Smith and Ms. Howell have averred that the plaintiff was not terminated because of her heart condition.  See, Affidavits of Dr. Smith and Ms. Howell.  Therefore, the plaintiff has failed to establish a prima facie case of

disability discrimination and the defendant's motion for summary judgment should be granted on this ground.

## II. The Plaintiff Has Not Produced Evidence Showing that the Real Reason for Her Termination Was Discrimination.

Assuming arguendo that the plaintiff was able to establish prima facie cases of her claims for disability discrimination and failure to accommodate, the defendant's motion for summary judgment should still be granted because the plaintiff has not proffered any evidence suggesting that the real reason for her termination was disability discrimination. The plaintiff argues that the plaintiff's deposition testimony and the two medical notes delivered to the defendant on March 29, 2012 demonstrate that the defendant's reason for terminating the plaintiff, i.e., her absence from work for five consecutive days without contacting her supervisor, was false. (Br. in Opp. to Mot. for Summ. J., at p. 6.)  Even assuming the truth of this assertion, the plaintiff's burden is not satisfied.  She must prove that the real reason for her termination was intentional discrimination. See, St. Mary's Honor Ctr. v. Hicks, 509 U.S. 502, 515 (1993) ("[A] reason cannot be proved to be 'a pretext *for discrimination*' unless it is shown *both* that the reason was false, *and* that discrimination was the real reason.") (Emphasis in original.)

It is well known that "the ultimate burden of persuading the trier of fact that the defendant intentionally discriminated against the plaintiff remains at all times with the plaintiff." (Internal quotations omitted.) Reeves v. Sanderson Plumbing Prods., 530 U.S. 133, 143 (2000). "[T]he factfinder's rejection of the employer's legitimate, nondiscriminatory reason for its action does not *compel* judgment for the plaintiff. The ultimate question is

3

whether the employer intentionally discriminated, and proof that the employer's proffered reason is unpersuasive, or even obviously contrived, does not necessarily establish that the plaintiff's proffered reason. . .is correct.  In other words, it is not enough . . . to *dis*believe the employer; the factfinder must *believe* the plaintiff's explanation of intentional discrimination." (Internal quotations and citations omitted; Emphasis in original.) Reeves v. Sanderson Plumbing Prods., 530 U.S. 133, 146-47 (2000), citing St. Mary's Honor Center v. Hicks, 509 U. S. 502 (1993).

The plaintiff has not offered any evidence suggesting that the reason for her termination was disability discrimination.  Indeed, she admitted at her deposition that neither Dr. Smith nor Ms. Howell said or did anything to suggest that they were discriminating against her. (Depo. Jo Lynn Wilson March 2016, at pp. 55-58.) Even assuming that the plaintiff's deposition testimony demonstrates that the defendant misapplied its policy, that would be insufficient to prove that the defendant's proffered reason is pretextual. Improper application of a policy does not suggest, without more, that the real reason for the plaintiff's termination was discrimination based on her disability. See, Loi v. New York City Dep't of Health and Mental Hygiene, 914 F. Supp. 2d 567, 581-583 (S.D.N.Y. 2012); Jones v. Gov't Emples. Ins. Co., 2006 U.S. Dist. LEXIS 29277 *21-22 (E.D.N.Y. May 8, 2006). Since the plaintiff has not produced any evidence suggesting that the reason for her termination was disability discrimination, the defendant's motion for summary judgment should be granted.

## CONCLUSION

For the foregoing reasons, as well as those stated in the Memorandum of Law in Support of Defendant's Motion for Summary Judgment, the defendant's motion for summary judgment should be granted.

>THE DEFENDANT
>YALE UNIVERSITY
>
>BY:   /s/ Colleen Noonan Davis (#ct27773)
>
>Colleen Noonan Davis
>Patrick M. Noonan ((#ct00189)
>Donahue, Durham & Noonan, P.C.
>741 Boston Post Road
>Guilford, CT 06437
>(203) 458-9168

## CERTIFICATION

I hereby certify that, on the above-written date, a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the court's CM/ECF System.

>      /s/
>Colleen Noonan Davis