UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| JO LYNN WILSON | : | |
| | : | |
| VS. | : | NO. 3:15cv207(RAR) |
| | : | |
| YALE UNIVERSITY | : | SEPTEMBER 1, 2017 |

**PLAINTIFF'S REQUESTS TO CHARGE**

1. In an employment discrimination case, the plaintiff has the burden of proving by the preponderance of the evidence that she has been the victim of discrimination. The plaintiff must show that: (i) she is a member of a protected class; (ii) se was qualified for the position; (iii) the defendant took adverse action against her; and (iv) the adverse action occurred under circumstances giving rise to an inference of discrimination. Alternatively, the plaintiff can demonstrate that the adverse employment action occurred under circumstances giving rise to an inference of discrimination on the basis of plaintiff's membership in that class. [Chambers v. TRM Copy Centers Corp., 43 F.3d 29, 37 (2nd Cir. 1994); McGuinness v. Lincoln Hall, 263 F.3d 49, 53 (2nd Cir. 2001); Farias v. Instructional Systems, Inc., 259 F.3d 91, 98 (2nd Cir. 2001); Texas Department of Community Affairs v. Burdine, 450 U.S. 248, 252-53 (1981); Harper v. Metropolitan District Commission, 134 F. Supp. 2d 479, 483 (D. Conn. 2001)]

2. Direct evidence of discrimination is not necessary; a plaintiff charging discrimination against an employer may instead rely on the cumulative weight of circumstantial evidence. [Rosen v. Thornburgh, 928 F.2d 528, 533 (2nd Cir.

1991); Luciano v. Olsten Corp., 110 F.3d 210, 215 (2nd Cir. 1997).]

  3. The employer may rebut the plaintiff's case by proof of a legitimate nondiscriminatory reason for the adverse employment action.  If you find that the employer's explanation is false, however, that fact is sufficient to permit you to find intentional discrimination.  Proof that the defendant's explanation is unworthy of credence is one form of circumstantial evidence that is probative of intentional discrimination.  In appropriate circumstances, the jury may infer from the falsity of the explanation that the employer is dissembling to cover up a discriminatory purpose.  Such an inference is consistent with the general principle of evidence law that the factfinder is entitled to consider a party's dishonesty about a material fact as affirmative evidence of guilt.   [Reeves v. Sanderson Plumbing Products, Inc., 530 U.S. 133 (2000); St. Mary's Honor Center v. Hicks, 509 U.S. 502, 511 (1993); Wright v. West, 505 U.S. 277, 296 (1992).]   Like all other aspects of an employment discrimination case, the falsity of the employer's asserted legitimate nondiscriminatory reasons for its actions may be inferred from circumstantial evidence. [Robertson v. Sikorsky Aircraft Corp., 258 F. Supp. 2d 33 (D. Conn. 2003).]

  4. For a plaintiff who can perform a desired position with a reasonable accommodation to establish a prima facie case of discrimination because of disability, she must show (1) that she is an individual who has a disability within the meaning of the law, (2) that an employer covered by the statute had notice of her disability, (3) that with reasonable accommodation, she could perform the essential functions of the position, and (4) that the employer has taken an adverse employment action against

her because of her disability. [Lovejoy-Wilson v. NOCO Motor Fuel, Inc., 263 F.3d 208, 216 (2d Cir. 2001), quoting Stone v. City of Mt. Vernon, 118 F.3d 92, 96-97 (2d Cir. 1997)]

    5. A disability is a physical or mental impairment that substantially limits one or more of the major life activities of an individual. [42 U.S.C. § 12102(2)(a)] An impairment substantially limits a major life activity if the individual is unable to perform a major life activity that the average person in the general population can perform, or is significantly restricted as to the condition, manner, or duration under which an individual can perform a particular major life activity as compared to the condition, manner, or duration under which the average person in the general population can perform that same major life activity. [Goldring v. Sillery Mayer & Partners, 119 F. Supp.2d 55, 59 (D. Conn. 1999), citing 29 C.F.R. § 1630.2(j)(1)(1998); Ennis v. National Ass'n of Business and Educational Radio, Inc., 53 F.3d 55, 59 (4th Cir. 1995)]

    6. To be substantially limited in performing manual tasks, an individual must have an impairment that prevents or severely restricts the individual from doing activities that are of central importance to most people's daily lives.  The impairment's impact must also be permanent or long-term. [Toyota Motor Mfg., Ky, Inc. v. Williams, 122 S. CT. 681, 691 (2002)]

    7. 'Substantially' in the phrase 'substantially limits' suggests 'considerable' or 'to a large degree.'  The word 'substantial' thus clearly precludes impairments that interfere in only a minor way with the performance of manual tasks from qualifying as disabilities. [Toyota Motor Mfg., Ky., Inc. v. Williams, 122 S. Ct. 681, 691 (2002)]   However, the phrase "substantially limits" is concerned with substantial *limitations* and not with *utter*

*inabilities*. [Lawson v. CSX Transportation, Inc., 245 F.3d 916, 924 (7th Cir. 2001)]   To be substantially limited, a person must be unable to perform a major life activity that the average person in the general population can perform, or be significantly limited in the condition, manner, or duration under which the individual can perform that activity as compared to an average person in the general population. [Webner v. Titan Distribution, Inc., 267 F.3d 828, 834 (8th Cir. 2001)]

      8. Every employer has a duty to provide reasonable accommodation of the disabilities of their employees.  Once a disabled individual has suggested to her employer a reasonable accommodation, federal law requires that the employer and the employee engage in an 'informal, interactive process with the qualified individual with a disability in need of the accommodation in order to identify the precise limitations resulting from the disability and potential reasonable accommodations that could overcome those limitations. The employer must make a good faith effort to participate in that discussion.  If you find that the plaintiff notified the defendant of the accommodation she needed, and that the requested accommodation was reasonable under the circumstances, then the defendant was required to provide that accommodation or, at the very least, to engage in a good faith discussion with the plaintiff concerning the accommodation she requested.  If the defendant failed to do so, then the defendant is liable to the plaintiff. [Curry v. Allan S. Goodman, Inc., 286 Conn. 390, 410-13, 416, 944 A.2d 925 (2008).]

      9.  If you determine that the defendant discriminated against the plaintiff, then you must determine the amount of damages that she has suffered as a result.  You may award as actual damages an amount that reasonably compensates the plaintiff for

any lost wages and benefits, taking into consideration any increases in salary and benefits, including pension, that she would have received had she not been discriminated against. Basically, you have the ability to make the plaintiff whole for any wages or other benefits that she has lost as a result of the discrimination against her. [Lorillard v. Pons, 434 U.S. 575 (1978); Faris v. Lynchburg Foundry, 769 F.2d 958 (4th Cir. 1985); Blum v. Western Electric Co., 731 F.2d 1473 (10th Cir. 1984).]

    10. You shall also calculate separately, as future damages, a monetary amount equal to the present value of the wages and benefits that the plaintiff would have earned had she not been discriminated against for that period from the date of your verdict until the date when she would have voluntarily resigned or retired. [Maxfield v. Sinclair International, 766 F.2d 788 (3d Cir. 1985); Blum v. Witco Chemical Corp., 829 F.2d 367 (3d Cir. 1987).]

    11. The plaintiff has alleged that, as a result of the defendants' intentional discrimination, she has suffered mental anguish, inconvenience and humiliation. The plaintiff has the burden of proving any compensatory damages by a preponderance of the evidence. If you determine that the plaintiff has proven by a preponderance of the evidence that she has experienced mental anguish, inconvenience or humiliation, you may award her damages for those injuries. No evidence of the monetary value of such intangible things as pain and suffering has been, or needs to be, introduced into evidence. No exact standard exists for fixing the compensation to be awarded for these elements of damages. The damages that you award must be fair compensation -- no more and no less. When considering the amount of monetary damages to which the plaintiff may be entitled, you should consider the nature, character, and seriousness of

any mental anguish, inconvenience or humiliation she felt.  You must also consider its extent or duration, as any award you make must cover the damages endured by the plaintiff since the wrongdoing, to the present time, and even into the future if you find as fact that the proofs presented justify the conclusion that Ms. Wilson's emotional stress and its consequences have continued to the present time or can reasonably be expected to continue in the future.  [Adams v. Doehler-Harvis, 144 Mich. App. 764 (1985); Freeman v. Kelvinator, Inc., 569 F. Supp. 999 (E.D. Mich. 1979); Slayton v. Michigan Host, Inc., 122 Mich. App. 411, 332 N.W.2d 498 (1983); Riethmiller v. Blue Cross, 151 Mich. App. 188, 390 N.W.2d 227 (1986).]

        THE PLAINTIFF

BY:      /s/    (ct00215)
      JOHN R. WILLIAMS (ct00215)
      51 Elm Street
      New Haven, CT 06510
      203-562-9931
      Fax:  203-776-9494
      jrw@johnrwilliams.com
      Her Attorney

CERTIFICATION OF SERVICE

On the date above stated, a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing.  Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing.  Parties may access this filing through the Court's CM/ECF System.

      /s/
      JOHN R. WILLIAMS