UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| JO LYNN WILSON | : | |
| | : | |
| Plaintiff | : | CIVIL ACTION NO.: |
| | : | 3:15-CV-00207-RAR |
| vs. | : | |
| | : | |
| YALE UNIVERSITY | : | |
| | : | |
| Defendant | : | SEPTEMBER 11, 2017 |

**AMENDED JOINT TRIAL MEMORANDUM**

The parties respectfully submit this Amended Joint Trial Memorandum in advance of the trial of this action commencing on September 20, 2017. The only amendments are the correction of the date of the plaintiff's termination and an addition of one e-mail as an exhibit for the defendant.

## I. Trial Counsel

Plaintiff

John R. Williams, Esq.
Joseph M. Merly, Esq.
John R. Williams & Associates, LLC
51 Elm Street, Suite 409
New Haven, CT 06510
(203) 562-9931
jrw@johnrwilliams.com
jm@johnrwilliams.com

Defendant

Patrick M. Noonan, Esq.
Donahue, Durham, & Noonan, PC
741 Boston Post Road, Suite 306

Guilford, CT 06437
203-458-9168
Pnoonan@ddnctlaw.com

**II. Jurisdiction**

The Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331.

**III. Jury/Non-Jury**

The plaintiff has requested a trial by jury.

**IV. Nature of Case**

In the Amended Complaint, the plaintiff asserts claims of disability discrimination and failure to accommodate under the Americans with Disabilities Act of 1990 ("ADA") and Section 504 of the Rehabilitation Act of 1973 ("Rehabilitation Act") in connection with the termination of her employment. The plaintiff seeks compensatory damages, punitive damages, attorney's fees and costs, and a temporary and permanent injunction requiring the defendant to rehire the plaintiff with back pay and benefits.

**V. Stipulations of Fact and Law**

1. The plaintiff was hired by the defendant as a Research Aide on December 11, 2010.

2. While employed by Yale University, the plaintiff was a member of Local 34, Federation of University Employees ("Local 34").

3. The plaintiff notified her supervisor that she was unable to work on March 23, 2012, March 26, 2012, March 27, 2012, March 28, 2012, and March 29, 2012.

4. On March 29, 2012, the defendant received a note written on a prescription pad from a physician at Family & Internal Medicine of Dixwell Avenue which indicated that the plaintiff was evaluated that day and required evaluation by a cardiologist.

5. On March 30, 2012, the defendant received a medical evaluation form from Hospital of St. Raphael Occupational Health Plus indicating that Ms. Wilson could return to work on April 2, 2012.

6. The plaintiff was terminated on April 11, 2012 pursuant to Article V, Section 1(d) of the Agreement between Yale University and Local 34 because she had been absent from work for five consecutive working days without notifying either of her supervisors, and was therefore deemed to have voluntarily resigned her employment.

## VI. Plaintiff's Contentions

The plaintiff claims that she is disabled in that she suffers from a heart condition for which she underwent bypass surgery prior to her employment with the defendant. She alleges that the defendant received actual notice that she could not return to work because she had been referred to her cardiologist on an emergency basis and that the defendant discriminated against her based on her disability when it failed to accommodate her disability and, despite receiving the actual notice of her inability to return to work, described above, terminated her employment on April 11, 2012.

## VII. Defendant's Contentions

The defendant denies that it discriminated against the plaintiff based on her disability. The plaintiff was terminated on April 11, 2012 pursuant to Article V, Section 1(d) of the

Agreement between Yale University and Local 34 because she had been absent from work for five consecutive working days without notifying either of her supervisors, and was therefore deemed to have voluntarily resigned her employment. The plaintiff never requested an accommodation, and therefore, the defendant did not refuse to accommodate her alleged disability.

**VIII. Legal Issues**

1. Whether the plaintiff suffered from a disability.

2. Whether the plaintiff was able to perform the essential functions of her position.

3. Whether the defendant refused to accommodate the plaintiff's disability.

4. Whether the plaintiff was terminated because of her disability.

5. Whether the defendant proffered a legitimate, non-discriminatory reason for terminating the plaintiff.

6. Whether the plaintiff produced evidence demonstrating that the defendant's reason for her termination was pretextual and that the real reason was discrimination based on her disability.

7. Damages.

**IX. Voir Dire Questions**

Filed separately.

**X. List of Witnesses**

Plaintiff's Witnesses

The plaintiff will testify concerning all of the allegations in her complaint, and her damages.

Marian Volpe, M.D., 2200 Whitney Avenue, Suite 180, Hamden, CT 06518, will testify concerning examining the plaintiff and treating her heart condition in March-April, 2012.

Babu Kumar, M.D., 2543 Dixwell Avenue, Hamden, CT 06514, will testify concerning his referral of the plaintiff to Dr. Volpe on March 29, 2012.

Defendant's Witnesses

In addition to the witnesses listed by the plaintiff, the defendant may call one or more of the following individuals to testify at trial:

- Heather Howell, MSW, LCSW, Yale University
  - Ms. Howell will testify regarding the plaintiff's employment at Yale University, her lack of knowledge of the plaintiff's alleged disability, and the circumstances surrounding the plaintiff's termination.
- Megan Smith, DrPH, MPH, Yale University
  - Dr. Smith will testify regarding the plaintiff's employment at Yale University, her lack of knowledge of the plaintiff's alleged disability, and the circumstances surrounding the plaintiff's termination.
- Lisa Nolan, Yale University
  - Ms. Nolan is expected to testify regarding the circumstances surrounding the plaintiff's termination.

## XI. Exhibits

Plaintiff

1 Records of Marian Volpe, M.D., HeartCare Associates of Connecticut, LLC

2 Records of Family and Internal Medicine of Dixwell Avenue

3 Termination letter

Defendant

In addition to the exhibits listed by the plaintiff, the defendant may offer one or more of the following documents as exhibits at trial:

- E-mails between Heather Howell and Plaintiff dated March 23, 2012, March 26, 2012, March 27, 2012 and March 28, 2012
- Yale University Employee First Report of Injury dated March 28, 2012
- E-mail from Heather Howell to Anna Maria Hummerstone dated April 2, 2012
- E-mail from Karen Gardinier to Stephanie Santore, et al, dated April 3, 2012
- E-mail from Megan Smith to Plaintiff, dated April 9, 2012
- Termination letter dated April 11, 2012
- E-mail from Megan Smith to Plaintiff, et al, dated April 13, 2012
- Agreement between Yale University and Local 34, FUE, Unite Here
- Complaints filed by Plaintiff against the City of New Haven Board of Education in 2013, 2014, and 2016
- Medical Records of Plaintiff from Family and Internal Medicine of Dixwell Avenue from March, 2012 to January, 2017
- Medical Records of Plaintiff from Hospital of St. Raphael dated March 29, 2012, April 3, 2012, and April 5, 2012
- Medical Records of Plaintiff from HeartCare Associates of Connecticut dated from March, 2012 to March, 2016
- Medical Records of Plaintiff from Connecticut Orthopaedic Specialists dated from June, 2006 to August, 2012.
- Medical Records of Plaintiff from Behavioral Health Consultants dated from April, 2011 to June, 2016

**XII. <u>Deposition Testimony</u>**

None.

**XIII. Requests for Jury Instructions**

Filed separately.

**XIV. Anticipated Evidentiary Problems**

The defendant intends to file a motion to preclude the plaintiff from offering testimony or other evidence regarding her claim for lost wages because she failed to mitigate her damages in that she did not seek to obtain employment following her termination.

The plaintiff will object to the admission of complaints filed against the City of New Haven Board of Education, to irrelevant portions of plaintiff's medical records, and to records of Behavioral Health Consultants because they are irrelevant.

**XV. Proposed Findings and Conclusions**

Not applicable.

**XVI. Trial Time**

Five days.

**XVII. Courtroom Technology**

None.

**XVIII. Further Proceedings**

None.

**XIV. Election for Trial Magistrate**

The parties have agreed to trial before United States Magistrate Judge Robert Richardson and have elected to have any appeal heard by the Court of Appeals.

THE PLAINTIFF
JO LYNN WILSON

BY:_____/s/ John R. Williams___________
John R. Williams (ct#00215)
John R. Williams & Associates, LLC
51 Elm Street, Suite 409
New Haven, CT 06510
(203) 562-9931

THE DEFENDANT,
YALE UNIVERSITY

BY:___/s/ _Patrick M. Noonan___________
Patrick M. Noonan (ct#00189)
Colleen Noonan Davis (ct#27773)
Donahue, Durham & Noonan, P.C.
741 Boston Post Road
Guilford, CT 06437
(203) 458-9168

**CERTIFICATION**

I hereby certify that, on the above-written date, a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the court's CM/ECF System.

_______________/s/_______________
Patrick M. Noonan