UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| JO LYNN WILSON | : | |
| | : | |
| Plaintiff | : | CIVIL ACTION NO.: |
| | : | 3:15-CV-00207-RAR |
| vs. | : | |
| | : | |
| YALE UNIVERSITY | : | |
| | : | |
| Defendant | : | SEPTEMBER 11, 2017 |

### DEFENDANT'S PROPOSED JURY INSTRUCTIONS

The defendant proposes the following jury instructions.

**I.  GENERAL INSTRUCTIONS**

    **A.  All Persons Equal Before The Law**

This case should be considered and decided by you as an action between persons of equal standing in the community, of equal worth, and holding the same or similar stations of life. The plaintiff is a natural person. The defendant, Yale University, is an institution. You must give no consideration to the fact that the defendant is an institution. A university is entitled to the same fair trial at your hands as if it were a natural person. The size of Yale University or its financial assets have no place in this trial. All persons, including universities, must stand equally before you and are to be dealt with as equals in this Court. You must assess the claims and defenses of both parties to this action without regard to their status and treat both parties in an equal and unbiased fashion.

Pattern Jury Instructions of the<br>District Judges Association of the

> Fifth Circuit, Civil Cases, Instruction No. 2.16 (2014, with revisions through 2016); E.J. Devitt and C. B. Blackmar, <u>Federal Jury Practice and Instructions</u>, (4th ed. 1987), Section 71.04.

In resolving the issues presented to you for decision in this trial you must not be persuaded by bias, prejudice, or sympathy for or against any of the parties to this case or by any public opinion.  Sympathy is not a proper basis for any decision in this case, and elements of bias, prejudice or sympathy should not enter into your discussions or your deliberations.  The mere fact that an individual claims to have been harmed does not by itself provide a basis for awarding damages.  All parties expect that you will carefully and impartially consider all the evidence, follow the law as it is now being given to you, and reach a just verdict, regardless of the consequences.

> Pattern Jury Instructions of the District Judges Association of the Fifth Circuit, Civil Cases, Instruction No. 3.2 (2014, with revisions through 2016); 1A Fed. Jury Prac. & Instr. § 12.01 (5th ed.); 3 Fed. Jury Prac. & Instr. § 103.01 (5th ed.).

### B. <u>Credibility of Witnesses</u>

In deciding what the facts are, you will have to decide what testimony you believe and what testimony you do not believe.  You are the sole judges of the credibility of the witnesses.  "Credibility" means whether a witness is worthy of belief.  You may believe everything a witness says, or only part of it, or none of it.  In deciding what to believe, you may consider a

number of factors, including the following: (1) the opportunity and ability of the witness to see or hear or know the things the witness testifies to; (2) the quality of the witness's understanding and memory; (3) the witness's manner and demeanor while testifying; (4) whether the witness has an interest in the outcome of the case or any motive, bias or prejudice; (5) whether the witness is contradicted by anything the witness said or wrote before trial or by other evidence; (6) how reasonable the witness's testimony is when considered in the light of other evidence that you believe; and (7) any other factors that bear on believability.

> Model Civil Jury Instructions for the District Courts of the Third Circuit, Instruction No. 1.7 (2010).

In determining the weight to give to the testimony of a witness, consider whether there was evidence that at some other time the witness said or did something, or failed to say or do something, that was different from the testimony given at the trial. A simple mistake by a witness does not necessarily mean that the witness did not tell the truth as he or she remembers it. People may forget some things or remember other things inaccurately. If a witness made a misstatement, consider whether that misstatement was an intentional falsehood or simply an innocent mistake. The significance of that may depend on whether it has to do with an important fact or with only an unimportant detail.

> Pattern Jury Instructions of the District Judges Association of the Fifth Circuit, Civil Cases, Instruction No. 2.11 (2014, with revisions through 2016).

## II. PLAINTIFF'S CLAIMS

The plaintiff, Jo Lynn Wilson, brought this action under the Americans with Disabilities Act and the Rehabilitation Act, both of which prohibit discrimination based upon a disability. The plaintiff claims that she was disabled because she suffered from a heart condition for which she underwent bypass surgery in 2008, prior to beginning her employment with the defendant in 2010. She asserts that the defendant discriminated against her because of her disability and failed to accommodate her disability when it terminated her employment. The defendant denies that it subjected the plaintiff to discrimination on the basis of her disability or failed to accommodate her alleged disability. The plaintiff has the burden of proving all of the elements of her claims to you. It is not sufficient to prove some of the elements. If the plaintiff has failed to prove even one element of her claims, then you must find in favor of the defendant on that claim.

### A. Disability Discrimination

There is a three step process in determining whether or not Ms. Wilson has proven her claim of disability discrimination. First, you must consider whether the plaintiff has made out a prima facie case. If she has not, then your verdict would have to be in favor of Yale University. If you find that the plaintiff has proven a prima facie case, then you must next consider whether the defendant has articulated a legitimate, non-discriminatory business reason for its actions; and if so, you would then have to determine whether or not the plaintiff has overcome that legitimate, non-discriminatory business reason and proven an actual intent to discriminate. If the plaintiff has not done that, then your verdict would have to be in favor of Yale University.

4

To establish a prima facie case of disability discrimination, Ms. Wilson must demonstrate that (1) Yale University is subject to the Americans with Disabilities Act and the Rehabilitation Act; (2) she was disabled within the meaning of those Acts; (3) she was qualified to perform the essential functions of her job, with or without reasonable accommodation; and (4) she suffered adverse employment action because of her disability. Yale University admits that it is subject to the Americans with Disabilities Act and the Rehabilitation Act.  If you find that Ms. Wilson has failed to establish even one of the remaining elements of her disability discrimination claim, then you must render a verdict in favor of Yale University.

> Doe v. Board of Education, 63 F. App'x 46, 48 (2d Cir. 2003) Giordano v. City of New York, 274 F.3d 740, 747 (2d Cir. 2001). Spence v. Maryland Casualty Co., 995 F.2d 1147, 1155 (2d Cir. 1993); Maresco v. Evans Chemetics, Div. of W.R. Grace & Co., 964 F.2d 106, 110 (2d Cir. 1992).

Under the Americans with Disabilities Act and the Rehabilitation Act, a "disability" is defined as a physical or mental impairment that substantially limits one or more major life activities of such individual.  Not every impairment is a "disability" within the meaning of the statutes; rather, there are two requirements:  the impairment must limit a major life activity and the limitation must be substantial.  Major life activities include, but are not limited to, caring for oneself, performing manual tasks, sleeping, walking, standing, lifting, thinking, and

working. A major life activity also includes the operation of a major bodily function, including, but not limited to, functions of the immune system, neurological, brain, and circulatory functions. "Substantially limited" is defined as either: (i) the inability to perform a major life activity that the average person in the general population can perform; or (ii) being significantly restricted as to the condition, manner or duration under which an individual can perform a particular major life activity as compared to the condition, manner or duration under which the average person in the general population can perform that same major life activity. If you find that Ms. Wilson did not suffer from a disability as defined by the Americans with Disabilities Act and the Rehabilitation Act, then you must render a verdict in favor of Yale University.

> Mercer v. Champion, 139 Conn. App. 216, 230 (2012); 42 U.S.C. 12102(1)(a), (2)(a), and (2)(B); Capobianco v. City of New York, 422 F.3d 47, 56 (2d Cir. 2005); Muller v. Costello, 187 F.3d 298, 312-313 (2d Cir. 1999); Epstein v. Kalvin-Miller International, Inc., 100 F. Sup. 2d 222, 226 (S.D.N.Y. 2000); 29 C.F.R. § 1630.2(j)(1)).

Ms. Wilson must also demonstrate that she was able to perform the essential functions of her job with or without reasonable accommodation. Attendance at work is an essential function of the job. An individual cannot perform the essential functions of a job if she is completely unable to work regardless of accommodation. If you find that Ms. Wilson was

unable to work, with or without accommodation, for any period of time, then she cannot recover damages for the period of time that she was unable to work.

> Chasse v. Computer Sciences Corp., 453 F. Sup. 2d 503, 518 (D. Conn. 2006); Verrocchio v. Federal Express Corp., 2010 U.S. Dist. LEXIS 13822 *7-8 (N.D.N.Y. February 17, 2010).

You must give consideration to the fact that the individuals who were responsible for terminating the plaintiff's employment – Dr. Megan Smith and Heather Howell – were the very same individuals who were responsible for hiring Ms. Wilson in the first place as a casual worker. When the same individuals hire an employee and then terminate her, there is a strong inference that intentional discrimination was <u>not</u> a factor in the termination. The reason for this is that the plaintiff was known to have a heart condition when she was hired; if the individuals who later terminated her were prone to discriminating against individuals with disabilities, they likely would not have hired her in the first place.

> Boyce v. Bank of New York, 226 Fed.Appx. 17 (2d Cir. 2006); Carlton v. Mystic Transp., Inc., 202 F.3d 129 (2d Cir. 2000); Grady v. Affiliated Cent., Inc., 130 F.3d 553 (2d Cir. 1997), cert. denied 525 U.S. 936 (1998).

Furthermore, you should also take into account the fact that the plaintiff herself has admitted that both Ms. Smith and Ms. Howell were aware of the plaintiff's cardiac condition at the time they hired her into the casual position. Similarly, you should consider the fact that it was Dr. Smith and Ms. Howell who promoted the plaintiff into the permanent position at her

request. Under these circumstances, the law creates a presumption that the decision makers did not intend to discriminate against the plaintiff when she was terminated. If they had an intention to discriminate because of her disability, they would likely not have hired her in the first place, nor would they have promoted her.

> Boyce v. Bank of New York, 226 Fed.Appx. 17 (2d Cir. 2006); Carlton v. Mystic Transp., Inc., 202 F.3d 129 (2d Cir. 2000); Grady v. Affiliated Cent., Inc., 130 F.3d 553 (2d Cir. 1997), cert. denied 525 U.S. 936 (1998).

In order to prevail on her discrimination claim, the plaintiff must produce evidence demonstrating that the defendant intentionally discriminated against her based on her disability. Even if sincerely held, the plaintiff's feelings and perceptions of being discriminated against are insufficient to sustain a discrimination claim. The plaintiff must produce objective evidence supporting her claim of intentional discrimination; her subjective belief is not proof of an intent to discriminate.

> Chen v. City Univ. of N.Y., 805 F.3d 59 (2d Cir. 2015); Sethi v. Narod, 12 F. Sup. 3d 505 (E.D.N.Y. 2014).

You should also remember that it is not your function to second-guess the defendant's business decision. An employer has the prerogative to discharge an employee on the basis of subjective business judgments, for any reason that is not discriminatory. Whether or not the defendant's decision treats the plaintiff fairly, was wise or even consistent with the collective bargaining agreement is not relevant, absent some indication that plaintiff's disability had

8

anything to do with the employment decision.  Thus, even if you disagree with the defendant's business decision to terminate the plaintiff's employment, or believe that it was unfair, you cannot find in favor of the plaintiff unless she has produced objective evidence that the defendant intentionally discriminated against her based on her disability.

> Fleming v. MaxMara USA, Inc., 371 F. App'x 115 (2d Cir. 2010); Risco v. McHugh, 868 F. Sup. 2d 75 (S.D.N.Y. 2012); Gibbs v. Consolidated Edison Co., 714 F. Sup. 85, 93 (S.D.N.Y. 1989).

If Ms. Wilson has failed to prove even one of the four elements of the prima facie case for her disability discrimination claim, she has not satisfied her burden of proof.  If you find this to be the case, then you must render a verdict in favor of Yale University on that claim.  If, however, you find that Ms. Wilson has established all four elements of a prima facie case of the disability discrimination claim, then she has established a presumption of discrimination.  However, this would not end the case.  Yale University then would have the burden to articulate a legitimate, non-discriminatory reason for its action.  Any stated reason is sufficient; it does not need to be a reason you would find satisfactory.  Yale University does not need to prove to you that the stated reason was the actual reason for its actions.

> Ben-Levy v. Bloomberg, 518 F. App'x 17, 18-19 (2d Cir. 2013); St. Mary's Honor Center v. Hicks, 509 U.S. 502, 506-07 (1993); Spence, supra, 995 F.2d at 1155; Maresco, 964 F.2d at 110; Gallo v. Prudential Residential Servs., Ltd. Partnership, 22 F.3d 1219, 1225 (2d Cir. 1994).

In this case, Yale University has offered evidence that Ms. Wilson was terminated pursuant to a provision in the union contact which provides that an employee who is absent from work for five or more consecutive working days without notifying her supervisor is deemed to have voluntarily resigned her employment.  If you find that that was a legitimate, non-discriminatory reason for Yale University's actions, then the presumption of discrimination drops out of the case; and Ms. Wilson must then prove both that Yale University's articulated reason for the termination was false and that the real reason for the termination was intentional discrimination.  If you find that Ms. Wilson has failed to prove that the reason articulated by Yale University was false <u>or</u> has failed to prove that the real reason for the termination was intentional discrimination, then you must render your verdict in favor of Yale University.  The burden of proving to you that Yale University intentionally discriminated against Ms. Wilson because of her disability always lies with Ms. Wilson.  If she has not proven that Yale University intentionally discriminated against her based on her disability, then you must find in favor of Yale University.

### B.    <u>Failure to Accommodate</u>

The plaintiff also claims that the defendant failed to accommodate her disability.  In order to establish a case for failure to accommodate, the plaintiff must prove six elements:  (1) that she is an individual who has a disability which significantly affects her ability to perform the duties of her employment with Yale University, (2) that the employer had notice of her disability, (3) that with reasonable accommodation, she could perform the essential functions of her position, (4) that she requested a reasonable accommodation from the employer in order

to permit her to continue working, (5) that the employer refused to make such accommodations, and (6) that she has proven compensable damages. If the plaintiff has failed to prove even one of these six elements, then your verdict must be in favor of Yale University on the failure to accommodate claim. You must bear in mind that it is the responsibility of the employee with the alleged disability to inform the employer that an accommodation is needed. In providing reasonable accommodations, Yale University was not required to place Ms. Wilson on indefinite leave, awaiting the day when she might recover sufficiently from her disability to return to work. If you find that Ms. Wilson never requested an accommodation or that the requested accommodation would cause the University an undue hardship, then your verdict must be in favor of Yale University on this claim.

> Stone v. City of Mount Vernon, 118 F.3d 92, 96-97 (2d Cir. 1997); Graves v. Finch Pruyn & Co., 457 F.3d 181, 184 (2d Cir. 2006); McCoy v. Morningside at Home & Aging in Am., 2014 U.S. Dist. LEXIS 25368 (S.D.N.Y. Feb. 25, 2014), *aff'd*, 601 Fed.Appx. 57 (2015); Palmieri v. City of Hartford, 947 F. Sup. 2d 187, 204 (D. Conn. 2013).

### III.   DAMAGES

If you find that the plaintiff has failed to meet her burden of proving her claim on liability, then your verdict must be for Yale University, and you will not reach the question of damages. On the other hand, if you find that the plaintiff has satisfied her burden of proving all of the essential elements of her claims by a preponderance of the evidence, then you should determine

whether the plaintiff has proven damages. The fact that I am instructing you as to damages, however, is not an indication that I believe that you should award damages. I am instructing you as to the measure of damages so that you may determine how much to award if you find that the plaintiff has proven all of the elements of her claims as I previously instructed. If she has not, you should not consider damages. Rather, you must return a verdict for Yale University.

> Pattern Jury Instructions of the District Judges Association of the Fifth Circuit, Civil Cases, Instruction No. 11.14 (2014, with revisions through 2016).

In general, there are two types of damages: economic damages and non-economic damages. Economic damages would include things like lost wages and bills for a therapist or medication. Non-economic damages provide compensation for emotional distress. The burden of proving damages, of course, is on the plaintiff. If you find that Ms. Wilson has not proven any damages, then you should not award her any damages, even if you were to conclude that the University discriminated against her or failed to accommodate her alleged disability.

On the other hand, if you decide that the plaintiff has proven by a preponderance of the evidence that she was the victim of unlawful discrimination and that she suffered damages, then you may award fair compensation. Please bear in mind that you may award compensatory damages only for those losses which the plaintiff has proven by a preponderance of the evidence were caused by the defendant's unlawful conduct. The damages that you award must be fair, just and reasonable compensation, no more and no less. You cannot be influenced by any sympathy you feel for Ms. Wilson, nor should you attempt to

be generous to her in awarding damages.  Your verdict must be fair to both sides.  In addition, you cannot award compensatory damages for speculative amounts, but only for those items which the plaintiff has actually proven by substantial evidence.  It is the plaintiff's burden to prove her damages to you, just as it is her burden to prove all aspects of her case.  If she has failed to prove actual economic or non-economic loss, then you may not award any damages to her.

> Pattern Jury Instructions of the District Judges Association of the Fifth Circuit, Civil Cases, Instruction No. 11.14 (2014, with revisions through 2016); <u>Carrano v. Yale-New Haven Hospital</u>, 279 Conn. 622, 650, 904 A.2d 149 (2006); <u>Beverly Hills Concepts, Inc. v. Schatz and Schatz, Ribicoff and Kotkin</u>, 247 Conn. 48 (1998).

In order to recover damages for lost wages, a plaintiff whose employment has been terminated is required to mitigate her damages by making reasonable efforts to obtain other suitable employment. If a plaintiff makes no reasonable efforts to obtain substitute employment, then she is not entitled to an award of lost wages.  The evidence in this case has established that Ms. Wilson did not seek to obtain any part time employment following her termination in order to replace the income she had earned from her part time position at Yale University.  Since Ms. Wilson did not attempt to mitigate her damages, you may not award her any damages for lost wages.  In this case, the plaintiff has not claimed any economic damages other than lost wages.  Since she has failed to seek part time employment to replace the income

she received from Yale University, you cannot award Ms. Wilson any economic damages, even if you should find the liability issues in her favor.

> Broadnax v. City of New Haven, 415 F.3d 265, 268 (2d Cir. 2005); Greenway v. Buffalo Hilton Hotel, 143 F.3d 47, 54 (2d Cir. 1998).

The plaintiff also seeks an award of non-economic damages.  In this case, that would be limited to emotional distress. You should bear in mind that you may award a sum of money for emotional distress only to the extent that the plaintiff has proven that her emotional distress was caused by the conduct of Yale University.  You have heard evidence of a number of other matters which have caused emotional distress to the plaintiff, including her difficulties in her full-time employment with the City of New Haven, family problems, and the plaintiff's own medical condition.  I charge you that you may not award damages to the plaintiff as a result of any emotional distress caused by any of these factors, since they were not the result of conduct on the part of Yale University.  It is important to note that the plaintiff has offered no medical records or testimony to suggest that her cardiac condition was made worse by her termination.  Therefore, you may not award any damages for the plaintiff's physical condition.  You may award damages for emotional distress only if the plaintiff has proven that she suffered emotional distress because of the conduct of Yale University.  If she has not proven that to you, then you may not award any money for emotional distress.

## IV. **PUNITIVE DAMAGES**

**The defendant requests that the Court not charge on punitive damages, since the plaintiff has not proven any basis for the awarding of punitive damages.  If the Court**

14

**does decide to permit the jury to consider punitive damages, the defendant requests the following instruction:**

The plaintiff also seeks an award of punitive damages. Punitive damages are damages designed to punish a defendant and to deter similar conduct in the future. You may only award punitive damages if you find that Yale University intentionally discriminated against Ms. Wilson and acted with malice or with reckless indifference to her federally protected right to be free from discrimination. An action is in "reckless indifference" to Ms. Wilson's federally protected rights if it was taken in the face of a perceived risk that the conduct would violate federal law. Proof that Yale University engaged in intentional discrimination is not sufficient, in and of itself, to justify an award of punitive damages. There must be conduct of an especially egregious nature to justify an award of punitive damages.

If you find that Yale University acted with malice or reckless indifference to Ms. Wilson's rights then in addition to any other damages you find Ms. Wilson is entitled to receive, you may, but are not required to, award her an additional amount as punitive damages for the purposes of punishing Yale University for engaging in such wrongful conduct and deterring Yale University and others from engaging in such conduct in the future. The amount of any punitive damages award should bear a reasonable relationship to the harm caused to Ms. Wilson.

> Pattern Jury Instructions of the District Judges Association of the Fifth Circuit, Civil Cases, Instruction No. 11.14 (2014, with revisions through 2016); Kolstad

> v. ADA, 527 U.S. 526, 535-536 (1999).

## V.     **VERDICT**

The verdict must represent the considered judgment of each juror.  In order to return a verdict, it is necessary that each juror agree with the verdict.  Your verdict must be unanimous.  It is your duty, as jurors, to consult with one another, and to deliberate with a view to reaching an agreement, if you can do so without violence to individual judgment.  You must each decide the case for yourself, but only after an impartial consideration of the evidence in the case with your fellow jurors.  In the course of your deliberations, do not hesitate to reexamine your own views and change your opinion, if you are convinced it is erroneous.  But do not surrender your honest conviction as to the weight or effect of the evidence, solely because of the opinion of your fellow jurors, or for the mere purpose of returning a verdict.  Remember at all times that you are not partisans.  You are judges -- judges of facts.  Your sole interest is to seek the truth from the evidence in the case.

> Pattern Jury Instructions of the District Judges Association of the Fifth Circuit, Civil Cases, Instruction No. 3.7 (2014, with revisions through 2016); E. J. Devitt and C. B. Blackmar, Federal Jury Practice and Instructions, (4th ed. 1987), Section 71.04.

A form of special verdict has been prepared for your convenience, in order to help you arrive at a verdict in accordance with the instructions I have just given you.  You will take this

form to the jury room.  This form consists of a series of questions, which you must answer. Your answer to each question must be unanimous, and you must answer the questions in the order they are given to you.  Your foreperson will write the unanimous answer of the jury in the space provided beneath each question.  Unless you all agree on the answer to a particular question, you may not return an answer to that question.

Wright, §410 & 411.

You should now retire to the jury room, elect a foreperson and deliberate on your verdict. When you have reached a unanimous verdict, then you should inform the marshal who will inform the Court.

**THE DEFENDANT,
YALE UNIVERSITY**

BY:   /s/ Patrick M. Noonan (#ct00189)
Patrick M. Noonan
Colleen Noonan Davis (#ct27773)
Donahue, Durham & Noonan, P.C.
741 Boston Post Road
Guilford, CT 06437
(203) 458-9168

## **CERTIFICATION**

      I hereby certify that, on the above-written date, a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the court's CM/ECF System.

                                                                                       _____/s/_____
                                                                                         Patrick M. Noonan