UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| JO LYNN WILSON | : | |
| | : | |
|    Plaintiff | : | CIVIL ACTION NO.: |
| | : | 3:15-CV-00207-DFM |
| vs. | : | |
| | : | |
| YALE UNIVERSITY | : | |
| | : | |
|    Defendant | : | SEPTEMBER 11, 2017 |

**MEMORANDUM OF LAW IN SUPPORT OF MOTION TO PRECLUDE**

The defendant has moved to preclude the plaintiff from offering testimony or other evidence regarding her claim for lost wages because she failed to mitigate her damages in that she did not seek to obtain employment following her termination. This memorandum of law supports that motion.

**I.      Factual Background**

The plaintiff was employed by the defendant as a part-time Research Aide from December 11, 2010 to April 12, 2012. She claims that the defendant discriminated against her in violation of the Americans with Disabilities Act ("ADA") and the Rehabilitation Act when it terminated her employment.

In her March 4, 2015 Amended Complaint, the plaintiff alleges that she suffered from a disability, namely a heart defect for which she had undergone bypass surgery prior to her employment with the defendant. (Amended Complaint at ¶ 3.) On March 20, 2012, the plaintiff allegedly suffered a minor injury at work. She claims that two days later, her

supervisor, Heather Howell, ordered her to submit a First Injury Report and be seen by an occupational health specialist at the St. Raphael Occupational Health Center.  On March 29, 2012, the medical specialist at St. Raphael Occupation Health Center allegedly discovered a significant heart irregularity and ordered the plaintiff to report to a cardiologist.  The plaintiff claims that she was terminated on April 11, 2012 because she was temporarily out of work because of her heart condition.  She alleges that the defendant discriminated against her based on her disability and refused to provide her with a reasonable accommodation.  (Amended Complaint, at ¶¶ 3, 6-10, 12, 14.)

**II.    Argument**

The Second Circuit has held that victims of employment discrimination are required to mitigate their damages by using reasonable diligence in finding other suitable employment.  Greenway v. Buffalo Hilton Hotel, 143 F.3d 47, 53 (2d Cir. 1998).  In the present case, the plaintiff testified at her deposition that she had not looked for other part-time work following her termination.  (Depo. Jo Lynn Wilson March 21, 2016, at p. 107.)[1]  Since the plaintiff did not attempt to obtain other part-time employment, she has failed to mitigate her damages and is not entitled to an award of damages for back pay, front pay, or benefits.

In Greenway, the jury rendered a verdict in favor of the plaintiff on his disability discrimination claims and awarded him compensatory damages, including back pay, future health insurance premiums, future medication costs, and punitive damages.  Following motions by the parties, the magistrate judge reduced the back pay award by the amount the

---

[1] Copies of relevant portions of the transcript of the plaintiff's deposition are attached hereto as Exhibit A.

plaintiff earned after termination, reduced the award of punitive damages, and added an award of front pay to the compensatory damages award. On appeal, the Second Circuit addressed the extent to which the plaintiff's failure to attempt to find other employment impacted his ability to recover compensatory damages. Id. at 48-49.

After the termination of his employment as a bartender in February, 1994, the plaintiff worked at a temporary agency for six months and completed a machinist training program. He had not worked since October 1994, claiming he had been unable to find work as a machinist. He admitted that he had not looked for bartending positions. Id. at 53. The Second Circuit explained that "[a] discharged employee must use reasonable diligence in finding other suitable employment, which need not be comparable to their previous positions." (Internal quotations omitted.) Id. Although the trial court found that the plaintiff had not actively sought comparable employment after his termination, it did not overturn the jury's finding that the plaintiff had reasonably mitigated his damages because the defendant had failed to carry its burden of proof that suitable work existed in the marketplace. Id. at 53-54.

The defendant urged the Second Circuit to adopt a rule recognized in other circuits that would release the employer from the duty to establish the availability of comparable employment if it could prove that the employee made no reasonable efforts to seek such employment. The Second Circuit agreed that the rule provided an appropriate exception to the requirement that the employer prove that suitable work exists and that the employee has not made reasonable efforts to find it. Id. at 54. The Second Circuit explained: "The underlying rationale is that an employer should not be saddled by a requirement that *it* show other suitable

employment in fact existed -- the threat being that if it does not, the employee will be found to have mitigated his damages -- when the employee, who is capable of finding replacement work, failed to pursue employment at all." (Emphasis in original.) Id. Since the plaintiff had not exercised reasonable diligence in finding other suitable employment, the Second Circuit found that he had not mitigated his damages and vacated the awards for back and front pay, future health insurance premiums, and future medication costs. Id.

      In the present case, the plaintiff testified at her deposition that she did not seek any other part-time employment following the termination of her employment with the defendant.[2] The plaintiff stated that she was thinking about opening a shelter for teenage mothers. She hoped to use one of the units in the four-family home in which she lives to house the shelter. The only step she has taken to further that goal was recruiting her daughters to help. (Depo. Jo Lyn Wilson March 21, 2016, at pp. 107-109.) Even assuming that using her home as a shelter could be characterized as part time work, the plaintiff's solicitation of her daughters to help would not qualify as attempts to find employment. The plaintiff's failure to even attempt to obtain part-time employment precludes her from recovering damages for back pay, front pay, and medical benefits in this action.

      Mihalik v. Credit Agricole Cheuvreux N. Am., Inc., 2015 U.S. Dist. LEXIS 42422 (S.D.N.Y. March 25, 2015), is instructive. In that case, the plaintiff asserted claims of gender discrimination and retaliation under the New York Human Rights Law. The defendant moved for partial summary judgment as to the plaintiff's claims for back and front pay on the ground

---

[2] The plaintiff worked part time for Yale University. Her full time job was with the City of New Haven.

that the plaintiff failed to mitigate her damages. Id. at *1. The district court observed that victims of employment discrimination are required to mitigate their damages and must use reasonable diligence in finding other suitable employment. Id. at *6-7, citing Greenway v. Buffalo Hilton Hotel, 143 F.3d 47, 53 (2d Cir. 1998), Ford Motor Co. v. EEOC, 458 U.S. 219, 231 (1982). The district court further explained that defendants can satisfy their burden of proving a failure to mitigate damages by demonstrating that the employee made no reasonable efforts to seek such employment, regardless of whether suitable alternative work was available. Id. at *7, citing Broadnax v. City of New Haven, 415 F.3d 265, 268 (2d Cir. 2005).

The plaintiff in Mihalik testified at her deposition that, during the six months following her termination, her job search efforts included contacting her recruiter, looking at the newspaper, and contacting former colleagues. However, she could not recall any individuals with whom she spoke about a job. She admitted that she did not send letters to prospective employers, did not apply for any jobs, and did not have any interviews. Based on this evidence, the district court determined that the defendant had satisfied its burden of demonstrating that the plaintiff did not exercise reasonable diligence in finding other suitable employment. Id. *9-12. Therefore, the district court granted the defendant's motion for partial summary judgment and precluded the plaintiff from seeking back pay and front pay damages at trial. Id. at *13-14. The plaintiff in the present case has done even less than the plaintiff in Mihalik to obtain another part time position. Consequently, she should be precluded from obtaining any award for lost wages or benefits in this action.

The district court in Paluh v. HSBC Bank USA, 409 F. Supp. 2d 178, 183 (W.D.N.Y. 2005), *adopted*, 409 F.Supp.2d 178 (W.D.N.Y. 2005), reached a similar conclusion. In Paluh, the plaintiff brought claims of disability discrimination and retaliation. Addressing the defendant's alternative request for summary judgment on the plaintiff's request for back pay, front pay, and benefits because the plaintiff failed to mitigate his damages, the district court observed that "discharged employees are required to use reasonable diligence in finding other suitable employment, which need not be comparable to their previous positions." (Internal citations omitted.) Id. at 204, citing Greenway v. Buffalo Hilton Hotel, 143 F.3d 47, 53 (2d Cir. 1998). The district court further explained that "a plaintiff who opts to attend school instead of searching for and returning to work generally does not fulfill his obligation to mitigate damages unless the decision to return to school fulltime occurs after an unsuccessful job search." Id., citing Greenway v. Buffalo Hilton Hotel, 143 F.3d 47, 54 (2d Cir. 1998). The plaintiff admitted that he did not seek any job after his termination and before deciding to return to school. Since no reasonable trier of fact could find that the plaintiff's decision to return to school was made only after a diligent, but fruitless, job search, the district court concluded that the defendant's motion for summary judgment should be granted. Id. at 204-205.

Raymond v. Boehringer Ingelheim Pharms., Inc., 653 F. Supp. 2d 151 (D.Conn. 2009), is also instructive. In that case, the plaintiff alleged that the defendant discriminated against him based on his age when it terminated his employment pursuant to a mandatory age-based retirement policy. Id. at 153-155. At trial, the plaintiff testified that he sent business cards to a

few people in the industry, and identified eight or nine potential employers.  He established an expert witness practice, but did not take meaningful steps to advance that practice until two years after his employment was terminated.  Judge Bryant determined that this evidence established that the plaintiff did not did not seriously seek to replace his income either by seeking employment or cases to review as an expert witness.  Therefore, Judge Bryant awarded no damages.  Id. at 157-158.  See also, Richburg v. City of N.Y. Dep't of Corr., 2003 U.S. Dist. LEXIS 785 *1 (S.D.N.Y. January 22, 2003) (granting defendants' motion for summary judgment on the plaintiff's disability discrimination claim because the plaintiff had not presented any competent evidence of having made reasonable efforts to work elsewhere after his allegedly unlawful separation by defendants).

The present plaintiff never attempted to obtain other part-time employment following her termination from Yale University.  Since she made no reasonable efforts to find other suitable employment, she should be precluded from seeking damages for back pay, front pay, and benefits at trial.

### III.     Conclusion

Since the plaintiff failed to mitigate her damages, she is not entitled to recover damages for back pay, front pay, or benefits.  Therefore, the defendant's motion to preclude the plaintiff from offering evidence or other testimony regarding her lost wages claim should be granted.

                                              THE DEFENDANT,
                                              YALE UNIVERSITY


                              BY:   /s/ Patrick M. Noonan (#ct00189)
                                    Patrick M. Noonan
                                    Colleen Noonan Davis (#ct27773)
                                    Donahue, Durham & Noonan, P.C.
                                    741 Boston Post Road
                                    Guilford, CT 06437
                                    (203) 458-9168


## **CERTIFICATION**

      I hereby certify that, on the above-written date, a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the court's CM/ECF System.


                                                          _____/s/_____
                                                                 Patrick M. Noonan