UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| JO LYNN WILSON | : | |
| | : | |
| Plaintiff | : | CIVIL ACTION NO.: |
| | : | 3:15-CV-00207-RAR |
| vs. | : | |
| | : | |
| YALE UNIVERSITY | : | |
| | : | |
| Defendant | : | SEPTEMBER 14, 2017 |

**DEFENDANT'S PROPOSED JURY INSTRUCTION RE:**
**MITIGATION OF DAMAGES**

Yale University claims in its special defense that Ms. Wilson failed to mitigate her damages. Under the law, Ms. Wilson has a duty to use reasonable diligence in finding other suitable employment. Yale University can satisfy its burden of proving a failure to mitigate damages by demonstrating that Ms. Wilson made no reasonable efforts to seek part-time employment following the termination of her employment at Yale University. Ms. Wilson testified that she did not attempt to find any other part-time employment. Although Ms. Wilson indicated that her goal is to use one unit in her four-family house as a shelter for teenage mothers, the only step that she has made to achieve that goal is recruiting her daughters to help. I instruct you that contemplating opening a teenage shelter and speaking with her daughters about helping in that regard does not constitute an exercise of reasonable diligence in finding other employment. If you find that Ms. Wilson did not make a reasonable effort to find other suitable employment to replace the income she received from Yale

University, then Yale University has proven that Ms. Wilson failed to mitigate her damages and you may not award any damages for lost wages or benefits.

> Broadnax v. City of New Haven, 415 F.3d 265, 268 (2d Cir. 2005); Greenway v. Buffalo Hilton Hotel, 143 F.3d 47, 54 (2d Cir. 1998); Mihalik v. Credit Agricole Cheuvreux N. Am., Inc., 2015 U.S. Dist. LEXIS 42422 (S.D.N.Y. March 25, 2015); Raymond v. Boehringer Ingelheim Pharms., Inc., 653 F. Supp. 2d 151 (D.Conn. 2009); Paluh v. HSBC Bank USA, 409 F. Supp. 2d 178, 183 (W.D.N.Y. 2005), *adopted*, 409 F.Supp.2d 178 (W.D.N.Y. 2005); Richburg v. City of N.Y. Dep't of Corr., 2003 U.S. Dist. LEXIS 785 *1 (S.D.N.Y. January 22, 2003).

If you find that Ms. Wilson used reasonable diligence in finding other suitable employment, then you may only award lost wages or benefits for the period of time during which she was able to work. Ms. Wilson is not entitled to recover lost wages or benefits for the time periods when she totally disabled and unable to work.

> Thornley v. Penton Publishing, 104 F.3d 26, 31 (2d Cir. 1997); Saulpaugh v. Monroe Community Hospital, 4 F.3d 134, 145 (2d Cir. 1993), *cert. denied*, 510 U.S. 1164 (1994); Rosso v. Pi Management Associates, L.L.C., 2005 U.S. Dist. LEXIS 35862 *43 (S.D.N.Y. Dec. 22, 2005).

You may not award any damages for future lost wages or benefits after the date of trial.

An award of front pay is an equitable remedy which will be determined by the Court.

> Broadnax v. City of New Haven, 415 F.3d 265, 271 (2d Cir. 2005); Morse v. JetBlue Airways Corp., 2014 U.S. Dist. LEXIS 78778 *7 (E.D.N.Y. June 9, 2014).

THE DEFENDANT
YALE UNIVERSITY

BY: ___/s/ Patrick M. Noonan (#ct00189)
Patrick M. Noonan
Colleen Noonan Davis (ct#27773)
Donahue, Durham & Noonan, P.C.
741 Boston Post Road
Guilford, CT 06437
(203) 458-9168

## **CERTIFICATION**

      I hereby certify that, on the above-written date, a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the court's CM/ECF System.

                                                                                   /s/
                                                        Patrick M. Noonan