UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| JO LYNN WILSON | : | |
| | : | |
| Plaintiff | : | CIVIL ACTION NO.: |
| | : | 3:15-CV-00207-RAR |
| vs. | : | |
| | : | |
| YALE UNIVERSITY | : | |
| | : | |
| Defendant | : | NOVEMBER 1, 2017 |

**MEMORANDUM OF LAW IN OPPOSITION TO MOTION FOR NEW TRIAL**

The plaintiff's motion for a new trial should be denied summarily because the motion was untimely filed. Rule 59(b) of the Federal Rules of Civil Procedure provides that a motion for a new trial must be filed no later than 28 days after the entry of judgment. Judgment entered in favor of the defendant on September 25, 2017. (Docket Entry No. 84.) Therefore the plaintiff was required to file her motion for a new trial on or before October 23, 2017. The plaintiff did not file her motion until October 25, 2017 which was two days late. (Docket Entry No. 88.) Under Rule 6(b)(2) of the Federal Rules of Civil Procedure, the Court is not permitted to extend the time to file a motion for a new trial. Since the plaintiff's motion is untimely, it should be denied.[1]

Even if the Court had discretion to consider the present motion on the merits, the

---

[1] It should be noted that although the plaintiff filed the present motion on her own, she is, and has been continuously, represented by competent counsel who has extensive experience in the federal court. There also can be no claim that the plaintiff was unaware of her right to file a motion for a new trial until after the time period had lapsed; in fact, the plaintiff posted a Facebook message on the day the verdict was rendered indicating that she was dissatisfied with the outcome and planned to seek a new trial. See Exhibit A.

plaintiff's motion for new trial would have to be denied. After a jury trial, a court may, on motion, "grant a new trial on all or some of the issues for any reason for which a new trial has heretofore been granted in an action at law in federal court." Fed. R. Civ. P. 59(a)(1). "A motion for a new trial ordinarily should not be granted unless the trial court is convinced that the jury has reached a seriously erroneous result or that the verdict is a miscarriage of justice." (Internal quotations omitted.) Caruolo v. John Crane, Inc., 226 F.3d 46, 54 (2d Cir. 2000). "Courts do not grant new trials unless it is reasonably clear that prejudicial error has crept into the record or that substantial justice has not been done." (Internal citations omitted.) Caldrello v. Mercedes Benz of North America, Inc., 488 F. Sup. 2d 129, 131 (D. Conn. 2007).

The present plaintiff's motion presents no factual basis for ordering a new trial. Instead, the plaintiff has made the following factually unsupported, conclusory allegations: (1) Judge Richardson ignored unidentified behaviors of plaintiff's counsel; (2) plaintiff's counsel failed to offer unidentified evidence, which evidence might have altered the outcome; (3) there was a "misrepresentation duty to represent;" (4) plaintiff's counsel slept during defense counsel's cross-examination; and (5) "no justice." The defendant submits that Judge Richardson, plaintiff's counsel, and defense counsel all actively participated in the trial of this matter. Objections were made by both counsel, and Judge Richardson made appropriate rulings and discussed certain issues at sidebar or outside the presence of the jury, as necessary. Plaintiff's counsel actively cross examined all of the defense witnesses, and delivered a final argument which lasted more than an hour. There is simply no basis for the claim that he was

sleeping during the trial; he was an active and zealous advocate for his client from the beginning to the end of the trial.

The plaintiff's motion fails to demonstrate that the verdict represented a "miscarriage of justice." Given the differing recollections of the witnesses who testified at trial, the jury was faced with the question of whether to credit the testimony of the plaintiff or that of the three defense witnesses. The plaintiff proved herself to be an unreliable witness, often contradicting herself during both her direct examination and her cross examination. By contrast, none of the defense witnesses gave the jury any reason to disbelieve them.

The basic premise of the plaintiff's case was incredible on its face. The plaintiff testified that the two people who were accused of discriminating against her--Dr. Smith and Ms. Howell--discriminated against her based upon her age, race and cardiac condition despite the fact that, as the plaintiff herself conceded, when she was hired for the "casual" position both of those individuals knew of her age, race and cardiac condition. The evidence was also uncontradicted that Dr. Smith and Ms. Howell were both aware of Ms. Wilson's age, race and cardiac condition when they solicited her to become a benefit level employee; and they were also aware of those same factors when they passed her on her probation. Furthermore, the plaintiff acknowledged that she received a raise shortly before she was discharged, and Ms. Howell took steps to arrange for Ms. Wilson to obtain workers' compensation benefits which might be due to her as a result of an alleged fall while she was working.[2]

---

[2] The evidence reflected substantial doubt on whether or not Ms. Wilson actually was hurt on the job. She did not report the alleged, unwitnessed fall for more than a week after it ocurred. Nevertheless, the fact that Ms. Howell

The plaintiff did further damage to her credibility by testifying that approximately two dozen different people, in connection with her employment both at Yale and the City of New Haven, discriminated against her on a variety of bases.  As just one example, the plaintiff claimed that she was the victim of discrimination by employees of Yale due to an article in a local newspaper which featured a picture of the plaintiff at a press conference held to announce the grant which supported the "MOMS" program, in which the plaintiff was employed.  In particular, the plaintiff claimed that she was victimized by her Yale supervisors because the article referred to the plaintiff's emotional distress when dealing with her son having been shot in the head.  She ultimately agreed that it was she herself who spoke with the newspaper reporter and told her of those events.  Nevertheless, she persisted in her claim that the newspaper article constituted "proof" that the defendant discriminated against her.

The plaintiff's testimony on damages was, on its face, inherently unbelievable.  She testified that she suffered more emotional distress from termination of her part time job (which she had held for less than six months) than any of the following stress-inducing events in her life: (1) the nearly twenty year long difficult relationships she developed in her full time job with the City of New Haven, which led to several lawsuits, two administrative complaints with the Commission on Human Rights and Opportunities and numerous internal grievances; (2) the plaintiff's criminal conviction; (3) her husband's arrests, convictions and imprisonment;

---

initiated efforts to obtain workers' compensation benefits for the plaintiff would suggest an absence of any discriminatory intent.

(4) her son's arrest, conviction, and imprisonment; (5) a lien placed on the plaintiff's house by the City of New Haven; (6) the plaintiff's health; and (7) the health of the plaintiff's mother.

The plaintiff's claim of discrimination was unbelievable on its face, and her manner of articulating that claim to the jury cast substantial doubt on her credibility. Her testimony regarding the cause of her emotional distress did nothing to rehabilitate her. By contrast, the defense witnesses all testified credibly and without any contradiction. "Substantial justice" was done in this case.

## CONCLUSION

The plaintiff's motion for new trial was untimely filed, and therefore it should be summarily denied. Even if the Court had the discretion to ignore the fact that the present motion was filed late, the motion should be denied. The plaintiff's motion does not articulate any valid basis for granting a new trial; it simply reflects plaintiff's unhappiness with the jury's verdict. A party's dissatisfaction with the outcome of a jury's deliberations has never been held to be an appropriate basis upon which to grant a motion for a new trial. Therefore, the plaintiff's motion for a new trial should be denied.

**THE DEFENDANT,**
**YALE UNIVERSITY**

BY:  /s/ Patrick M. Noonan (#ct00189)
Patrick M. Noonan
Colleen Noonan Davis (ct#27773)
Donahue, Durham & Noonan, P.C.
741 Boston Post Road
Guilford, CT 06437
(203) 458-9168

5

**CERTIFICATION**

      I hereby certify that, on the above-written date, a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the court's CM/ECF System. A copy has also been sent through the United States mail to:

Jo Lynn Wilson
1311 Ella T. Grasso Blvd
New Haven, CT  06511

                                                                                    /s/
                                              Patrick M. Noonan
                                              Colleen Noonan Davis (ct#27773)
                                              Donahue, Durham & Noonan, P.C.
                                              741 Boston Post Road
                                              Guilford, CT 06437
                                              (203) 458-9168