```
                UNITED STATES DISTRICT COURT
                  DISTRICT OF CONNECTICUT

JO LYNN WILSON,                        :
                                       :
     Plaintiff,                        :
                                       :
v.                                     :   CASE NO. 3:15cv207(RAR)
                                       :
YALE UNIVERSITY,                       :
                                       :
     Defendant.                        :
```

### RULING ON PLAINTIFF'S MOTION FOR A NEW TRIAL

The plaintiff brought this action against her former employer alleging disability discrimination in violation of the Americans with Disabilities Act and the Federal Rehabilitation Act. This case was tried before a jury in September of 2017. After the jury returned a verdict in favor of the defendant, judgment was entered against the plaintiff and in favor of defendant on September 25, 2017. On October 25, 2017, plaintiff filed a motion for a new trial. For the reasons stated below, the motion is denied.

Under Federal Rule of Civil Procedure 59(b), "[a] motion for a new trial must be filed no later than 28 days after the entry of judgment." Rule 6(b)(2) of the Federal Rules of Civil Procedure explicitly states that the Court is not permitted to extend the time to file a motion for a new trial. Plaintiff filed her motion for a new trial on October 25, 2017, two days

after the deadline.  Accordingly, plaintiff's motion must be denied as untimely.

Even if the plaintiff had timely filed her motion for a new trial, the Court still would have denied the motion.  A "motion for a new trial 'ordinarily should not be granted unless the trial court is convinced that the jury has reached a seriously erroneous result or that the verdict is a miscarriage of justice.'"  Patrolmen's Benevolent Ass'n. of City of New York v. City of New York, 310 F.3d 43, 54 (2d Cir. 2002).  "Courts do not grant new trials unless it is reasonably clear that prejudicial error has crept into the record or that substantial justice has not been done."  Caldrello v. Mercedes Benz of N. Am., Inc., 488 F. Supp. 2d 129, 131 (D. Conn. 2007)(internal citations omitted).

In this case, there is no evidence that the jury reached an erroneous result or that substantial justice has not been done.  The jury concluded that the plaintiff failed to prove that she suffered from a cardiac disability which substantially limited major life functions, as defined by the Americans with Disabilities Act.  (Jury Verdict Form, Dkt. # 82).  It was reasonable for the jury to reach this conclusion given the lack of evidence offered by the plaintiff concerning her alleged disability.

Specifically, none of plaintiff's doctors testified at trial and plaintiff failed to produce any medical documentation in support of her alleged disability. The only medical documentation that was submitted by plaintiff in reference to her heart condition was a handwritten note by Dr. Kumar, dated March 29, 2012, that said "[s]een today out of work until further evaluation by cardiology." (Pl. Ex. # 2). Plaintiff also introduced a patient visit summary from the Hospital of St. Raphael, also dated March 29, 2012, in which no mention is made of plaintiff's alleged heart condition or any heart related symptoms.[1]  (Pl. Ex. # 1).

During the trial, defense counsel cross-examined plaintiff on the lack of evidence in support of her disability. Defense counsel established that plaintiff's doctor still practiced in New Haven and that he could have been called as a witness. During her testimony, plaintiff suggested on multiple occasions that she possessed additional documents that supported her claim that she suffered from a disability. Although defense counsel challenged the plaintiff to produce such documents on more than one occasion, plaintiff failed to offer the alleged documents. Given the evidence, the jury needed to make critical credibility

---

[1] Plaintiff visited St. Raphael's on March 29, 2012 due to a fall that occurred while she was at work. Plaintiff was diagnosed with a contusion and sprain/strain in the thoracic/lumbar region. The doctor indicated that plaintiff could not return to work until April 2, 2012.

determinations in order to resolve this case. Based on the foregoing, the Court cannot conclude that a miscarriage of justice occurred.[2]

I. Conclusion

For the foregoing reasons, plaintiff's motion for a new trial is DENIED.

SO ORDERED at Hartford, Connecticut this 7th day of December, 2017.

_____/s/_____
Robert A. Richardson
United States Magistrate Judge

---

[2] In plaintiff's motion for a new trial, she states that her "attorney did not submit the evidence to the Jury or the Judge that would have had a different result in the civil rights disability case." (Dkt. # 88 at 2). Plaintiff does not describe what this missing evidence is or how it would have changed the result. Plaintiff's motion also asserts that the Court ignored certain behaviors of plaintiff's counsel. The motion does not elaborate on the alleged behaviors but later asserts that plaintiff's counsel was falling asleep during the trial. (Dkt. # 88 at 2). If this occurred, the Court absolutely did not observe it. Indeed, during the course of the trial plaintiff's counsel appeared to be quite awake and alert. Plaintiff's counsel made numerous objections and arguments on plaintiff's behalf during the trial and appeared to be very engaged.

4