UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

FILED

2018 MAR 14 P 1: 35

U.S. DISTRICT COURT
NEW HAVEN, CT.

JO LYNN WILSON,                                         CIVIL NO. 3:15-cv-00207-RAR

        Plaintiff,                                        March 13, 2018

VS.

YALE UNIVERSITY,

        Defendant,

JUDGE: Robert A. Richardson

## MOTION FOR NEW TRIAL

## UNDER FEDERAL RULES OF CIVIL PROCEDURE RULE 60

## RELIEF FROM JURY JUDGEMENT

In the Interest of Justice, in the State of Connecticut, City of New Haven, United States of America, this motion should be granted immediately for a new jury trial based on Federal Civil Procedure Rule 60.

During the Trial for Case 3:15-cv-00207-RAR beginning on September 20, 2017 and ending September 22, 2017, Trial Jurors went in favor of Defendant Yale University verdict September 25, 2017 for the Defendants.

The evidence needed to support the claim to the JURY for Disability Discrimination was reviewed prior by Magistrate Judge Donna F. Martinez and Magistrate Judge Robert A. Richardson and was withheld from jury.   Per Federal Civil Procedure Rule 37. (Failure to

**make Disclosures or to Cooperate in Discovery; Sanctions) Evidence cannot be**

**suppressed/withheld from Jury.  Spoliation of evidence.**

On December 11, 2010, Yale University hired plaintiff as a research.  The plaintiff was a

member of a union, Local 34, Federation of University Employees ("Local34"), while employed

at Yale University. The Plaintiff supervisors were Dr. Megan V. Smith and Heather Howell.

Yale was aware of the plaintiffs open heart surgery in 2008 and remained under of  Dr. Marion

Vulpe of Heart Care Associates of Hamden, CT.


While working for the Defendants on March 20, 2012, the plaintiff fell, suffering injuries

to her head, right shoulder, lower back, and ankle

All the medical evidence from Yale Occupational Health that was used to survive a

summary Judgement was not submitted to the Jury FOR REVIEW.   The Courts Magistrate

Judge Donna Martinez held a Settlement Conference on 4/08/2016 and she and Defendants

Attorney Patrick Noonan both received in hand a copies from my Attorney Joseph Merly of John

R. Williams law firm and me Jo Lynn Wilson for the Court records all the medical evidence that

supports the claim of Discrimination at the settlement conference held with the Magistrate Judge

Donna Martinez . Magistrate Judge Donna Martinez bare witnessed to the evidence which are

the medical records from my Employer Yale University Occupational Health in New Haven, CT

and my personal Heart Doctor Marion Vulpe of Heart Care Associates, Hamden, CT and my

Primary Care Dr. Babu Kumar., Family Practice. Hamden, CT.  06511.  For the record.


The documentation that the Jury did not see is from the Defendants own Doctors at St.

Raphael's Occupational Health who took me out of work for a work injury and put me on work

restrictions and then I was abruptly terminated within a 10 day span of never being released from care for my injuries by our staff  Doctors for Yale University after my Supervisors Dr. Megan Veenema Smith, DRPH, MPH and Heather Howell ordered me to go Occupational Health on March 29, 2012 for a fall at work and then terminated me  and violating my civil  rights for an accommodation or sick time or any provisions in the employee union contract 34 Yale University and the United States Federal Discrimination laws after a fall while working for the Defendants.

If the Jury would have received all medical the that I do suffer from a cardiac disability that had limits on major life functions, as defined by the Americans with Disabilities Act.  The verdict would have been in favor of me the Plaintiff Jo Lynn Wilson For Disability Discrimination by Yale University, Dr. Megan Veenema Smith, DrPH, MPH and Yale University Heather Howell, Social Worker due to my High Blood pressure and Heartcare.

I was able to perform the essential functions of my job at Yale University and I did that until they Heater Howell ordered me to go to our Employers Occupational Health Physicians and our Employers Doctor took me out of work for Hypertension and recommend I see my Doctor. The Defendants terminated me because of intentional discrimination based on my cardiac disability.

The Defendants failure to accommodate for my cardiac disability which limited major life functions.

The Defendants had notice of my cardiac disability from our Employers Doctors in a timely manner to accommodate and my private Doctors medical information.

I was performing the essential functions of my position without and accommodation when terminated after reporting to Occupational Health ordered by Dr. Megan Smith and Heather Howell two of my Supervisors at <u>Yale University School of Medicine.</u>

<u>Dr. Megan Veneema Smith</u> was the Director and Supervisor for the Yale University New Haven Moms Partnership program in which I was hired in 2010 to work with mothers in the Community.  Dr. Megan Veneema Smith has violated her oaths of ethics.  And Heather Howell another supervisor who ordered me to go to Occupational Health and assisted in violating my rights to work for Yale University and not accommodated within my union rights or Federal rights to work and be accommodated has violated her oath and code of ethics of Yale University policies not to Discriminate against employees.

I did perform all my duties to the best of my ability and worked very hard to help Yale University Moms Partnership and the City of New Haven secure a 2.5 Million-Dollar Federal grant for mothers in New Haven while also employed with the City of New Haven Board of Education full time for over 17 years at the time of hire with Yale University in 2010 located in the City of New Haven, CT. I worked for both employers at the same time at termination.

(a) CORRECTIONS BASED ON CLERICAL MISTAKES; OVERSIGHTS AND OMISSIONS. The court may correct a clerical mistake or a mistake arising from oversight or omission whenever one is found in a judgment, order, or other part of the record. The court may do so on motion or on its own, with or without notice. But after an appeal has been docketed in the appellate court and while it is pending, such a mistake may be corrected only with the appellate court's leave.

(b) GROUNDS FOR RELIEF FROM A FINAL JUDGMENT, ORDER, OR PROCEEDING. On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:

(1) mistake, inadvertence, surprise, or excusable neglect;

(2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);

(3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;

(4) the judgment is void;

(5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or

(6) any other reason that justifies relief.

(c) TIMING AND EFFECT OF THE MOTION.

(1) *Timing.* A motion under Rule 60(b) must be made within a reasonable time—and for reasons (1), (2), and (3) no more than a year after the entry of the judgment or order or the date of the proceeding.

(2) *Effect on Finality.* The motion does not affect the judgment's finality or suspend its operation.

(d) OTHER POWERS TO GRANT RELIEF. This rule does not limit a court's power to:

(1) entertain an independent action to relieve a party from a judgment, order, or proceeding;

(2) grant relief under 28 U.S.C. §1655 to a defendant who was not personally notified of the action; or

(3) set aside a judgment for fraud on the court.

Rule 37. Failure to Make Disclosures or to Cooperate in Discovery; Sanctions

(a) MOTION FOR AN ORDER COMPELLING DISCLOSURE OR DISCOVERY.

(1) *In General.* On notice to other parties and all affected persons, a party may move for an order compelling disclosure or discovery. The motion must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery to obtain it without court action.

(2) *Appropriate Court.* A motion for an order to a party must be made in the court where the action is pending. A motion for an order to a nonparty must be made in the court where the discovery is or will be taken.

(3) *Specific Motions.*

(A) *To Compel Disclosure.* If a party fails to make a disclosure required by Rule 26(a), any other party may move to compel disclosure and for appropriate sanctions.

(B) *To Compel a Discovery Response.* A party seeking discovery may move for an order compelling an answer, designation, production, or inspection. This motion may be made if:

(i) a deponent fails to answer a question asked under Rule 30 or 31;

(ii) a corporation or other entity fails to make a designation under Rule 30(b)(6) or 31(a)(4);

(iii) a party fails to answer an interrogatory submitted under Rule 33; or

(iv) a party fails to produce documents or fails to respond that inspection will be permitted—or fails to permit inspection—as requested under Rule 34.

(C) *Related to a Deposition.* When taking an oral deposition, the party asking a question may complete or adjourn the examination before moving for an order.

(4) *Evasive or Incomplete Disclosure, Answer, or Response.* For purposes of this subdivision (a), an evasive or incomplete disclosure, answer, or response must be treated as a failure to disclose, answer, or respond.

(5) *Payment of Expenses; Protective Orders.*

(A) *If the Motion Is Granted (or Disclosure or Discovery Is Provided After Filing).* If the motion is granted—or if the disclosure or requested discovery is provided after the motion was filed—the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees. But the court must not order this payment if:

(i) the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action;

(ii) the opposing party's nondisclosure, response, or objection was substantially justified; or

(iii) other circumstances make an award of expenses unjust.

(B) *If the Motion Is Denied.* If the motion is denied, the court may issue any protective order authorized under Rule 26(c) and must, after giving an opportunity to be heard, require the movant, the attorney filing the motion, or both to pay the party or deponent who opposed the motion its reasonable expenses incurred in opposing the motion, including attorney's fees. But the court must not order this payment if the motion was substantially justified or other circumstances make an award of expenses unjust.

(C) *If the Motion Is Granted in Part and Denied in Part.* If the motion is granted in part and denied in part, the court may issue any protective order authorized under Rule 26(c) and may, after giving an opportunity to be heard, apportion the reasonable expenses for the motion.

(b) FAILURE TO COMPLY WITH A COURT ORDER.

(1) *Sanctions Sought in the District Where the Deposition Is Taken.* If the court where the discovery is taken orders a deponent to be sworn or to answer a question and the deponent fails to obey, the failure may be treated as contempt of court. If a deposition-related motion is transferred to the court where the action is pending, and that court orders a deponent to be sworn or to answer a question and the deponent fails to obey, the failure may be treated as contempt of either the court where the discovery is taken or the court where the action is pending.

(2) *Sanctions Sought in the District Where the Action Is Pending.*

(A) *For Not Obeying a Discovery Order.* If a party or a party's officer, director, or managing agent—or a witness designated under Rule 30(b)(6) or 31(a)(4)—fails to obey an

8

order to provide or permit discovery, including an order under Rule 26(f), 35, or 37(a), the court where the action is pending may issue further just orders. They may include the following:

(i) directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims;

(ii) prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence;

(iii) striking pleadings in whole or in part;

(iv) staying further proceedings until the order is obeyed;

(v) dismissing the action or proceeding in whole or in part;

(vi) rendering a default judgment against the disobedient party; or

(vii) treating as contempt of court the failure to obey any order except an order to submit to a physical or mental examination.

(B) *For Not Producing a Person for Examination.* If a party fails to comply with an order under Rule 35(a) requiring it to produce another person for examination, the court may issue any of the orders listed in Rule 37(b)(2)(A)(i)—(vi), unless the disobedient party shows that it cannot produce the other person.

(C) *Payment of Expenses.* Instead of or in addition to the orders above, the court must order the disobedient party, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified, or other circumstances make an award of expenses unjust.

(c) FAILURE TO DISCLOSE, TO SUPPLEMENT AN EARLIER RESPONSE, OR TO ADMIT.

(1) *Failure to Disclose or Supplement.* If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless. In addition to or instead of this sanction, the court, on motion and after giving an opportunity to be heard:

(A) may order payment of the reasonable expenses, including attorney's fees, caused by the failure;

(B) may inform the jury of the party's failure; and

(C) may impose other appropriate sanctions, including any of the orders listed in Rule 37(b)(2)(A)(i)—(vi).

(2) *Failure to Admit.* If a party fails to admit what is requested under Rule 36 and if the requesting party later proves a document to be genuine or the matter true, the requesting party may move that the party who failed to admit pay the reasonable expenses, including attorney's fees, incurred in making that proof. The court must so order unless:

(A) the request was held objectionable under Rule 36(a);

(B) the admission sought was of no substantial importance;

(C) the party failing to admit had a reasonable ground to believe that it might prevail on the matter; or

(D) there was other good reason for the failure to admit.

(d) PARTY'S FAILURE TO ATTEND ITS OWN DEPOSITION, SERVE ANSWERS TO INTERROGATORIES, OR RESPOND TO A REQUEST FOR INSPECTION.

(1) *In General.*

(A) *Motion; Grounds for Sanctions.* The court where the action is pending may, on motion, order sanctions if:

(i) a party or a party's officer, director, or managing agent—or a person designated under Rule 30(b)(6) or 31(a)(4)—fails, after being served with proper notice, to appear for that person's deposition; or

(ii) a party, after being properly served with interrogatories under Rule 33 or a request for inspection under Rule 34, fails to serve its answers, objections, or written response.

(B) *Certification.* A motion for sanctions for failing to answer or respond must include a certification that the movant has in good faith conferred or attempted to confer with the party failing to act to obtain the answer or response without court action.

(2) *Unacceptable Excuse for Failing to Act.* A failure described in Rule 37(d)(1)(A) is not excused on the ground that the discovery sought was objectionable, unless the party failing to act has a pending motion for a protective order under Rule 26(c).

(3) *Types of Sanctions.* Sanctions may include any of the orders listed in Rule 37(b)(2)(A)(i)—(vi). Instead of or in addition to these sanctions, the court must require the party failing to act, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified, or other circumstances make an award of expenses unjust.

(e) FAILURE TO PRESERVE ELECTRONICALLY STORED INFORMATION. If electronically stored information that should have been preserved in the anticipation or conduct of litigation is lost because a party failed to take reasonable steps to preserve it, and it cannot be restored or replaced through additional discovery, the court:

(1) upon finding prejudice to another party from loss of the information, may order measures no greater than necessary to cure the prejudice; or

(2) only upon finding that the party acted with the intent to deprive another party of the information's use in the litigation may:

(A) presume that the lost information was unfavorable to the party;

(B) instruct the jury that it may or must presume the information was unfavorable to the party; or

(C) dismiss the action or enter a default judgment.

(f) FAILURE TO PARTICIPATE IN FRAMING A DISCOVERY PLAN. If a party or its attorney fails to participate in good faith in developing and submitting a proposed discovery plan as required by Rule 26(f), the court may, after giving an opportunity to be heard, require that party or attorney to pay to any other party the reasonable expenses, including attorney's fees, caused by the failure.

## **NATURE OF CLAIMS**

1. This is an action pursuant to the Americans with Disabilities Act of 1990, 42 U.S.C §§ 12111, et seq., Section 504 of the Rehabilitation Act of 1973, 29 U.S.C. >> 794, et seq. to redress the deprivation by the defendant of the rights secured to the plaintiff by the laws of the United States. The defendant discriminated against the plaintiff in employment on

the grounds of her disability and refused to provide her a reasonable accommodation of said disability.

2. Jurisdiction of this court is invoked under the provisions of Sections 1331, 1343(3) and 1367(A) OF Title 28 of the United States Code.

3. During all times mentioned in this action, the plaintiff was, and still is, an adult citizen of the United States residing in New Haven, Connecticut

4. The plaintiff has complied with all of the procedural prerequisites to suit under the statues aforementioned, having received a Notice of Right to Sue mailed to from the Boston office of the United States Equal Employment Opportunity Community on November 17, 2014.

5. The plaintiff was hired by the defendant as a Research Aide on or about December 11, 2010 as part of a project between the defendant a coalition of municipal agencies in the New Haven Mental Health Outreach for Mothers ("MOMS") The Moms Partnership. The program was funded with a 2.5. million five-year FEDERAL GRANT in the City of New Haven.

6. On or about March 20, 2012, the plaintiff suffered a minor injury at work. Although she made no complaint to anyone about the injury a supervisor, Heather Howell, on or about March 22, 2012, ordered her to submit a First Injury report and bee seen by an occupational health specialist at the St. Raphael Occupational Health Center.

7. On March 29, 2012, when the plaintiff was seen by the medical specialist to whom she had been ordered to report, the specialist discovered a significant heart irregularity and instructed her immediately to report to her cardiologist.

8.  The plaintiff did report to her cardiologist, who on March 29, 2012, wrote a note to the defendant stating: "Seen today. Out of work for further Evaluation by Cardiology." The plaintiff's husband delivered that note to the defendant in a timely manner.

9.  On April 9, 2012 the defendant terminated the plaintiff's employment because she was temporarily out of work because of a heart condition and the defendant's orders plaintiff out work and then terminated plaintiff's employment

10. At the time of her termination, the plaintiff was being paid at a rate of $ 17.98 per hour.

11.  In the manner described above, the defendant discriminated against the plaintiff because of her disability and refused provide the plaintiff with a reasonable accommodation of her said disability, all in violation of the statutes above stated.

12. As a result, the plaintiff has suffered economic losses and emotional distress.

WHEREFORE, the plaintiff claims judgement against the defendant as follows:


## LANDMARK CASES


13. 10.10 Civil Rights – Title VII – Adverse Employment Action in Retaliation Cases.  An action is an adverse employment action if a reasonable employee would have found the action materially adverse, which means it might have dissuaded a reasonable worker from making or supporting a charge of discrimination.  Adverse employment has been adopted by the Ninth Circuit of Appeals, and has been followed by the First, Seventh, Tenth, Eleventh, and D.C. Circuits.  This definition mirrors the EEOC's definition, and action constitutes an adverse employment action if it is reasonably likely to deter

employees from engaging in protected activity.  *Wyatt v. City of Boston, 35 F.3d 13 (1st Cir 1994).*

14. *EEOC v. United Parcel Service (consent decree entered 2006)*

15. Vitas (*EEOC  v. Vitas Healthcare Corp.,* Case No. 1:11-cv-24481-KMM)

16. *EEOC v. AIC Security Investigations, Ltd., and Ruth Vrdolyak (jury verdict upheld 1995)*

17. The D.C. Circuit declared that an adverse employment action occurs when there are "material adverse consequences affecting the terms, conditions, or privileges" of employment that a reasonable finder of fact could conclude caused him/her "objectively tangible harm…the employee must be worst off after the personnel action than before it; otherwise he has suffered no tangible harm." *Currier v. Postmaster General, 304 F. 3d 87 (D.C. Cir. 2002)*

18. Connecticut <u>anti-discrimination law</u>, however, goes further. Connecticut General Statutes Section 46a-60 (a) (1), General Statutes Section 46 (a)(4) General Statutes Section, 46 (a)(5).  **Sec. 46a-69. Discriminatory practices by state.** It shall be a discriminatory practice to violate any of the provisions of sections 46a-70 to 46a-78, inclusive. **Sec. 46a-70. (Formerly Sec. 4-61c). Guarantee of equal employment in state agencies.** (a) State officials and supervisory personnel shall recruit, appoint, assign, train, evaluate and promote state personnel on the basis of merit and qualifications, without regard for race, color, religious creed, sex, gender identity or expression, marital status, age, national origin, ancestry, intellectual disability, mental disability, learning disability or physical disability, including but not limited to, blindness, unless it is shown by such state officials or supervisory personnel that such disability prevents performance of the work involved.

(b) All state agencies shall promulgate written directives to carry out this policy and to guarantee equal employment opportunities at all levels of state government. They shall regularly review their personnel practices to assure compliance.

(c) All state agencies shall conduct continuing orientation and training programs with emphasis on human relations and nondiscriminatory employment practices.

(d) The Commissioner of Administrative Services shall insure that the entire examination process, including qualifications appraisal, is free from bias.

(e) Appointing authorities shall exercise care to insure utilization of minority group persons.

19. The Federal Age Discrimination and Employment Act forbids discrimination based on age, but only if the victim of discrimination is older than 40 years old. Connecticut anti-discrimination law, however, goes further. Connecticut General Statutes Section 46a-60 forbids discrimination on the basis of any age, meaning employment decisions may not be made because an employee is too old or too young.

20. This is an action pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e, et seq., and Equal Pay Act of 1964. U.S.C. § 206 to redress the deprivation by the defendant of rights secured to the plaintiff by the laws of the United States.

21. The Defendant Retaliated against the Plaintiff because of her prior complaints of unlawful Employment discrimination.

22. As a result, the plaintiff has suffered economic losses and emotional distress

WHEREFORE, THE PLAINTIFF CLAIMS JUDGEMENT AGAINST THE DEFEDANT AS FOLLOWS:

A: Compensatory damages in an amount this court shall consider to be just, reasonable and fair:

B. Punitive damages in an amount this court shall consider to be just reasonable and fair:

C.  A temporary and permanent injunction requiring the defendant forth with to rehire the

plaintiff with full back pay and benefits.

D.  A temporary and permanent injunction requiring the defendant forthwith to rehire the

plaintiff with full back pay and benefits:

E.  Such other relief as this court shall consider to be fair and equitable.

Respectfully submitted,

J. L. Wilson
By:
Jo Lynn Wilson
1311 Ella Grasso Blvd.
New Haven, CT 06511
Telephone: (203) 508-3523
j.wilson45@yahoo.com
PLAINTIFF

## CERTIFICATION

I hereby certify that, above-written date, a copy of the foregoing was filed and served by mail

Patrick M. Noonan
Donahue, Durham & Noonan, P.C.
741 Boston Post Road
Guilford, CT  06437