UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| JO LYNN WILSON | : | |
| | : | |
| Plaintiff | : | CIVIL ACTION NO.: |
| | : | 3:15-CV-00207-RAR |
| vs. | : | |
| | : | |
| YALE UNIVERSITY | : | |
| | : | |
| Defendant | : | APRIL 3, 2018 |

**DEFENDANT'S MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFF'S MOTIONS TO VACATE JUDGMENT AND FOR NEW TRIAL**

The defendant hereby opposes the plaintiff's Motion to Vacate Judgment/Order Civil Rule 60, (Docket Entry No. 93), and Motion for New Trial Under Federal Rules of Civil Procedure Rule 60 Relief from Jury Judgment, (Docket Entry No. 94).

**I.     Procedural Background**

After trial, the jury rendered a verdict in favor of the defendant on the plaintiff's discrimination claims and judgment entered on September 25, 2017. (Docket Entry Nos. 82, 84.) On October 25, 2017, the plaintiff filed a Motion for New Trial. (Docket Entry No. 88.) The defendant opposed that motion on November 1, 2017, because it was untimely filed and lacked merit. (Docket Entry No. 89.) Judge Richardson denied the plaintiff's motion on December 7, 2017. (Docket No. 91.)

Judge Richardson concluded that the plaintiff's Motion for New Trial was untimely and that the Court was not permitted to extend the time to file such a motion. Even if the plaintiff had timely filed the motion, Judge Richardson noted that he would have denied it

because there was no evidence that the jury reached an erroneous result or that substantial justice had not been done. (Docket Entry No. 91, at pp. 1-2.) The Court also observed that the jury had concluded that the plaintiff failed to prove that she suffered from a cardiac disability which substantially limited major functions, and Judge Richardson believed that it was reasonable for the jury to reach that conclusion given the plaintiff's failure to produce testimony from her doctors or medical documentation in support of her alleged disability. (Docket Entry No. 91, at p. 2.)

The only documentation introduced by the plaintiff in reference to her heart condition was a handwritten note by Dr. Kumar, dated March 29, 2012, that said "[s]een today out of work until further evaluation by cardiology." The plaintiff also submitted a patient visit summary from the Hospital of St. Raphael, also dated March 29, 2012, in which no mention was made of the plaintiff's alleged heart condition or any heart related symptoms. In addition, defense counsel established that the plaintiff's physician practiced in New Haven and could have been called as a witness. Although the plaintiff testified on multiple occasions that she possessed additional documents that supported her claim that she suffered from a disability, she failed to offer any of those documents. In light of the foregoing, Judge Richardson could not conclude that a miscarriage of justice occurred. (Docket Entry No. 91, at pp. 3-4.)

## II.  Legal Standard

Rule 60 of the Federal Rules of Civil Procedure provides that the Court may relieve a party from a final judgment for the following reasons: "(1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not

2

have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief." The Second Circuit has admonished: "Since 60(b) allows extraordinary judicial relief, it is invoked only upon a showing of exceptional circumstances. A motion seeking such relief is addressed to the sound discretion of the district court with appellate review limited to determining whether that discretion has been abused." (Internal citations omitted.) Nemaizer v. Baker, 793 F.2d 58, 61-62 (2d Cir. 1986).

### III. Argument

In her motion to vacate the judgment, the plaintiff claims that Judge Richardson and Judge Martinez allowed the plaintiff's medical records to be withheld or suppressed from the jury. She then claims that Rule 60 affords her relief from a judgment or order and simply quotes the rule. She offers no argument on the application of Rule 60. (Docket No. 93, at p. 1-2.) In her motion for a new trial, the plaintiff makes the same claim as in her motion to vacate the judgment and offers some argument.[1] Therefore, the defendant will address both motions in a single opposition.

---

[1] The bottom of page 4 of the motion for a new trial through page 12 set forth Rules 60 and 37 of the Federal Rules of Civil Procedure. Rule 37 concerns failures to make disclosures or cooperate in the discovery process. The plaintiff has not made any claim that the defendant failed to disclose any evidence, and thus Rule 37 is irrelevant to the plaintiff's motions to vacate the judgment and for a new trial. The bottom of page 12 through page 17 appear to set forth a complaint which the plaintiff intends to pursue if a new trial is granted. The defendant will not address the allegations of that complaint.

The plaintiff does not cite the specific provision of Rule 60 pursuant to which she has filed her motions to vacate the judgment and for a new trial. The gravamen of her argument appears to be that certain medical records were not submitted to the jury. With this argument, it appears that the plaintiff seeks to invoke either Rule 60(b)(1) or (2). The plaintiff has not met her burden under either provision, and therefore both of her motions should be denied.

To the extent that the plaintiff claims relief under Rule 60(b)(1) due to mistake, inadvertence, surprise, or excusable neglect on the part of her counsel, she has failed to meet her burden in that regard. The Second Circuit has "consistently declined to relieve a client under subsection (1) of the burdens of a final judgment entered against him due to the mistake or omission of his attorney by reason of the latter's ignorance of the law or other rules of the court, or his inability to efficiently manage his caseload. This is because a person who selects counsel cannot thereafter avoid the consequences of the agent's acts or omissions. Mere dissatisfaction in hindsight with choices deliberately made by counsel is not grounds for finding the mistake, inadvertence, surprise or excusable neglect necessary to justify Rule 60(b)(1) relief." (Internal quotations and citations omitted.) Nemaizer v. Baker, 793 F.2d 58, 62 (2d Cir. 1986). "[A]n attorney's failure to evaluate carefully the legal consequences of a chosen course of action provides no basis for relief from a judgment." Id. Thus, even if plaintiff's counsel chose not to introduce certain medical evidence at trial which the plaintiff now claims should have been submitted to the jury, that tactical decision does not provide grounds to obtain relief from the judgment under Rule 60(b)(1). Therefore, the plaintiff's motions to vacate the judgment and for a new trial should be denied.

Rule 60(b)(2) permits the Court to relieve a party from a final judgment when the party presents "newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b)." The plaintiff's motions should be denied under this rule because they are an attempt to cure the untimely filing of her Motion for New Trial on October 25, 2017. "It is apparent from the plain language of the rule that insofar as newly discovered evidence is concerned, Rule 60(b)(2) is not available to correct a party's failure to utilize Rule 59(b)." Lorusso v. Borer, Docket No. 3:03cv504 (MRK), 2006 U.S. Dist. LEXIS 16623, at *18-19 (D. Conn. Feb. 28, 2006).

Rule 59(b) requires that a motion for a new trial be filed no later than 28 days after the entry of judgment. As explained above, the plaintiff filed her motion for a new trial two days late, and it was denied as untimely. In that motion, she claimed that "[t]he attorney did not submit the evidence to the jury or the judge that would have had a different result in the civil rights disability case." (Docket Entry No. 88, at p. 2.) The plaintiff is making the same argument in her motion for a new trial under Rule 60, and thus seeks to circumvent the time requirements of Rule 59(b)(2). For this reason, her motions to vacate the judgment and for a new trial should be denied.

Moreover, the Court has already ruled on the merits of the plaintiff's motion for a new trial. (Docket No. 91.) Judge Richardson explained: "A 'motion for a new trial "ordinarily should not be granted unless the trial court is convinced that the jury has reached a seriously erroneous result or that the verdict is a miscarriage of justice.""" (Docket Entry No. 91, at p. 2, quoting Patrolmen's Benevolent Ass'n. of City of New York v. City of New York, 310 F.3d

43, 54 (2d Cir. 2002).)  Judge Richardson specifically determined that there was no evidence that the jury reached an erroneous result or that a miscarriage of justice occurred.  (Docket Entry No. 91, at p. 2, 4.)  Therefore, the plaintiff's motions to vacate the judgment and for a new trial should be denied.

The plaintiff's motions should also be denied because the plaintiff has not identified any newly discovered evidence that could not have been discovered in time to move for a new trial under Rule 59(b), as required by Rule 60(b)(2).  "The standard under Rule 60(b)(2) is 'onerous.'  United States v. Int'l Bhd. of Teamsters, 247 F.3d 370, 392 (2d Cir. 2001).  To prevail on a motion for relief pursuant to Rule 60(b)(2), a movant must demonstrate that he was 'justifiably ignorant' of the newly discovered evidence 'despite due diligence' prior to the order of dismissal and that the new evidence was of 'such importance that it probably would have changed the outcome.'  Id."  Solman v. Corl, 2016 U.S. Dist. LEXIS 156111 *3-4 (D. Conn. November 10, 2016) (Hall, J.).

In her motion for a new trial, the plaintiff claims that all of the medical evidence from Yale Occupational Health that was used to survive a motion for summary judgment was not submitted to the jury.  (Docket Entry No. 94, at p. 2.)  This is untrue.  In terms of medical evidence, the plaintiff attached to her Local Rule 56 Statement the March 29, 2012 Patient Visit Summary and Instructions from Hospital of St. Raphael Occupational Health Plus and the March 29, 2012 note from Babu Kumar, M.D., both of which were introduced by the plaintiff and admitted as full exhibits at trial.  (Docket Entry No. 91, at p. 3.)

The plaintiff further claims that if the jury had received all of the medical information demonstrating that she suffered from a cardiac disability that had limits on major life functions, the jury would have entered a verdict in her favor. (Docket Entry No. 94, at p. 3.) It is clear that the evidence which the plaintiff claims was not presented to the jury is not newly discovered. The plaintiff states that during a settlement conference on April 8, 2016, plaintiff's counsel provided Judge Martinez and defense counsel "all the medical evidence that supports the claim of Discrimination…." (Docket Entry No. 94, at p. 2.) Since the plaintiff was aware of the medical evidence which she claims should have been submitted to the jury nearly a year and a half prior to trial, it clearly is not "newly discovered" as required under Rule 60(b)(2). In addition, the plaintiff testified during trial that she had additional documents supporting her claim that she suffered from a disability. The plaintiff has not offered any argument demonstrating that any of the newly discovered evidence, which she fails to describe, was of "such importance that it probably would have changed the outcome." United States v. Int'l Bhd. of Teamsters, 247 F.3d 370, 392 (2d Cir. 2001). Thus, the plaintiff has not carried her burden under Rule 60(b)(2) and her motions to vacate the judgment and for a new trial should be denied.[2]

---

[2] The plaintiff has not alleged fraud, misrepresentation, or misconduct on the part of the defendant or that the judgment is void, and therefore cannot prevail under Rule 60(b)(3). The circumstances described in Rule 60(b)(5) do not exist in this case. Since the plaintiff's arguments in support of her motions under Rule 60 are addressed by Rule 60(b)(1) and (2), she cannot seek to avail herself of the catch-all provision in Rule 60(b)(6).

**IV.     Conclusion**

Since the plaintiff cannot obtain relief from the judgment entered in favor of the defendant based upon the tactical decisions of her attorney during trial and has not identified any newly discovered evidence that could not have been discovered in time to move for a new trial under Rule 59(b) and that would probably have changed the outcome, the plaintiff's Motion to Vacate Judgment/Order Civil Rule 60, (Docket Entry No. 93), and Motion for New Trial Under Federal Rules of Civil Procedure Rule 60 Relief from Jury Judgment (Docket Entry No. 94) should be denied.

THE DEFENDANT
YALE UNIVERSITY

BY:  /s/ Patrick M. Noonan (#ct00189)
Patrick M. Noonan
Colleen Noonan Davis (ct#27773)
Donahue, Durham & Noonan, P.C.
741 Boston Post Road
Guilford, CT 06437
(203) 458-9168

## **CERTIFICATION**

      I hereby certify that, on the above-written date, a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the court's CM/ECF System.

      _____/s/_____
      Patrick M. Noonan