```
                    UNITED STATES DISTRICT COURT
                      DISTRICT OF CONNECTICUT

JO LYNN WILSON,                    :
                                   :
     Plaintiff,                    :
                                   :
v.                                 :    CASE NO. 3:15cv207(RAR)
                                   :
YALE UNIVERSITY,                   :
                                   :
     Defendant.                    :
```

RULING ON PLAINTIFF'S MOTION TO VACATE JUDGMENT

The plaintiff brought this action against her former employer alleging disability discrimination in violation of the Americans with Disabilities Act and the Federal Rehabilitation Act.  This case was tried before a jury in September of 2017.  After the jury returned a verdict in favor of the defendant, judgment was entered against the plaintiff and in favor of the defendant on September 25, 2017.  (Dkt. # 84).

On October 25, 2017, plaintiff filed a motion for a new trial.  (Dkt. # 88).  On December 7, 2017, the Court issued a ruling denying the plaintiff's motion.  (Dkt. # 91).  In its ruling, the Court found that plaintiff's motion was untimely, and that even if it had been timely, the Court still would have denied it because there was no evidence that the jury reached an erroneous result or that a miscarriage of justice had occurred.  (See Dkt. # 91).

Currently pending before the Court is the plaintiff's motion to vacate judgment (Dkt. # 93) and the plaintiff's second motion for a new trial (Dkt. # 94).  (Dkt. # 93).  For the reasons stated below, both motions are denied.

## Discussion

*Motion to Vacate Judgment*

Plaintiff argues in her motion to vacate judgment that she is entitled to relief from judgment under Rule 60 of the Federal Rules of Civil Procedure (hereinafter "Rule 60").  (Dkt. # 93). Plaintiff states that "Magistrate [Judge] Robert A. Richardson and Magistrate [Judge] Martinez allowed plaintiff's medical records . . . to be withheld/suppressed from the jury."  (Dkt. # 93).  Plaintiff fails to provide any evidence to support this statement.

Rule 60(b) provides that "on motion and just terms," the Court may relieve a party form final judgment for the following reasons: "**(1)** mistake, inadvertence, surprise, or excusable neglect; **(2)** newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); **(3)** fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; **(4)** the judgment is void; **(5)** the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying

2

it prospectively is no longer equitable; or **(6)** any other reason that justifies relief." Fed. R. Civ. P. 60.

Rule 60(b) provides extraordinary relief, and a motion thereunder may only be granted upon a showing of exceptional circumstances. See Serrano v. Smith, No. 05 CIV. 1849 (KTD), 2009 WL 1390868, at *1 (S.D.N.Y. May 13, 2009). "The burden of proof on a Rule 60(b) motion lies with the party seeking relief." Id.

Plaintiff includes the entire text of Rule 60 in her motion, without identifying any relevant provision of the Rule or making any argument as to the application of the rule to her case. In light of plaintiff's claim that certain unidentified medical records were withheld from the jury, the plaintiff seems to be invoking Rule 60(b)(1) or 60(b)(2). The Court is strongly persuaded by the defendant's arguments in its memorandum of law in opposition to plaintiff's motions, that the plaintiff has not met her burden under either provision. (See Dkt. # 96 at 4-7).

Rule 60(b)(1) provides, in pertinent part, that a court may relieve a party from a final judgment for "mistake, inadvertence, surprise, or excusable neglect." In plaintiff's motion to vacate judgment, she alleges that Judge Martinez and the undersigned withheld or suppressed medical records from the jury. (Dkt. # 93). However, in plaintiff's first motion for a new trial, filed on October 25, 2017, plaintiff alleged that her

3

attorney failed to submit evidence to the jury and provided inadequate legal representation. (Dkt. # 88). In an abundance of caution, the Court addresses any alleged error on the part of the Court as well as any implied error on the part of plaintiff's counsel.

Any claim by the plaintiff alleging judicial error under Rule 60(b)(1) fails. While "[r]ule 60(b)(1) may provide relief from judicial mistake, it should not 'provide a movant an additional opportunity to make arguments or attempt to win a point already carefully analyzed and justifiably disposed.'" (internal quotations omitted). Serrano v. Smith, 2009 WL 1390868 at *2.

Plaintiff makes no specific allegations regarding the medical records that were allegedly suppressed by the Court or the specific actions taken by the Court in reference to these unidentified medical records.[1] Plaintiff had ample opportunities at trial to provide any medical records relevant to her heart condition, but she provided only a handwritten note from her cardiologist which read "seen today out of work until further evaluation by cardiology." (Exhibit # 2). Without presenting any evidence of judicial mistake, the plaintiff seems to be

---

[1] Indeed, the list of documents that each party marked for identification or admitted into evidence as full exhibits (Doc. # 83) confirms that the plaintiff did not attempt to admit any medical records during trial, other than exhibits 1 and 2, which were both admitted as full exhibits.

4

attempting to get a hearing on an issue that was never presented before the undersigned.

To the extent that plaintiff claims error on the part of her counsel under Rule 60(b)(1), the Court finds that this claim fails for several reasons.  "[T]his Court has consistently declined to relieve a client under Rule 60(b)(1) due to [her] attorney's mistake or ignorance of the law or of the rules of the court, or [her] inability to efficiently manage [her] caseload." Eastwood Auto Body & Garage, Inc. v. City of Waterbury, 159 F.3d 1346 (2d Cir. 1998).

This is because, "[g]enerally, the conduct of an attorney is imputed to his client, for allowing a party to evade the consequences of the acts or omissions of [her] freely selected agent would be wholly inconsistent with our system of representative litigation, in which each party is deemed bound by the acts of [her] lawyer-agent." Aalmuhammed v. Kesten, No. 98 CIV. 171 (DLC), 2003 WL 118512, at *5 (S.D.N.Y. Jan. 14, 2003).

Plaintiff fails to make any claim regarding specific medical documents that were withheld or suppressed by her attorney.  Even if plaintiff had successfully alleged a mistake or omission on the part of her attorney, relief under Rule 60(b)(1) is not available based upon an attorney's mistake for the reasons stated above.  See Van Gorden v. Sharinn & Lipshie,

5

P.C., 993 F. Supp. 2d 261, 263 (E.D.N.Y. 2014). Accordingly, plaintiff's motion is denied as to Rule 60(b)(1).

Rule 60(b)(2) provides that a Court may relieve a party from final judgment where the party presents "newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b)." "The standard under Rule 60(b)(2) is 'onerous.'" Solman v. Corl, No. 3:15-CV-1610(JCH), 2016 WL 6652443, at *2 (D. Conn. Nov. 10, 2016). "To prevail on a motion for relief pursuant to Rule 60(b)(2), a movant must demonstrate that [she] was 'justifiably ignorant' of the newly discovered evidence 'despite due diligence' prior to the order of dismissal and that the new evidence was of 'such importance that it probably would have changed the outcome.'" Id.

"It is apparent from the plain language of the rule that insofar as newly discovered evidence is concerned, Rule 60(b)(2) is not available to correct a party's failure to utilize Rule 59(b)." Lorusso v. Borer, No. 3:03CV504(MRK), 2006 WL 473729, at *6 (D. Conn. Feb. 28, 2006), aff'd, 260 F. App'x 355 (2d Cir. 2008).

Plaintiff has failed to produce any newly discovered evidence whatsoever, so the Court need not even reach the question of whether plaintiff was reasonably ignorant of the new evidence or could not have discovered it in time to move for a

6

new trial under Rule 59(b). However, given the argument that plaintiff made in support of her first Motion for a new trial, it seems apparent that plaintiff knew about the unidentified evidence at the time of the trial. (*See* Doc. # 88 at page 2). ("The attorney did not submit the evidence to the jury or the Judge that would have had a different result in the civil rights disability case.")(emphasis in original). Additionally, although no such documents were offered at trial, plaintiff suggested more than once during her testimony that she had and was going to submit additional medical records. Accordingly, plaintiff's motion to vacate judgment under Rule 60(b)(2) fails.

*Motion for a New Trial*

The Court denies the plaintiff's Second Motion for a New Trial (Dkt. # 94) for the same reasons that it denied the plaintiff's original motion for a new trial (Dkt. # 88). Specifically, the plaintiff's motion for a new trial is untimely, and even if it were timely, there is no evidence that the jury reached an erroneous result or that substantial justice has not been done.

**CONCLUSION**

Based on the foregoing reasons the plaintiff's Motion to Vacate Judgment (Dkt. # 93) and plaintiff's Second Motion for a New Trial (Dkt. # 94) are DENIED.

SO ORDERED this 7th day of May, 2018, at Hartford, Connecticut.

_____/s/_____

Robert A. Richardson

United States Magistrate Judge